UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ESTATE OF KE ZHENGGUANG,<br><br>        Petitioner,<br><br>  -against-<br><br>YU NAIFEN STEPHANY<br>(a/k/a STEPHANY YU,<br>a/k/a STEPHANY NAIFEN YU,<br>a/k/a STEPHANY N. DOMBROWSKI)<br><br>        Respondent. | Case No. _____<br><br>**PETITION TO RECOGNIZE<br>AND ENFORCE FOREIGN<br>ARBITRAL AWARD** |

    Petitioner, by and through its undersigned attorneys, as and for its Petition to Recognize and Enforce Foreign Arbitral Award against Respondent, alleges as follows:

## NATURE OF ACTION

    1.  This is a proceeding to recognize and enforce a foreign arbitral award pursuant to the Convention on the Enforcement and Recognition of Foreign Arbitral Awards (the "**New York Convention**), as implemented by Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C § 201 (the "**Federal Arbitration Act**").

    2.  On March 16, 2020, a Final Arbitration Award on Fees and Interest arising out of a commercial arbitration agreement was rendered in favor of Petitioner and against Respondent (the "**March 2020 Fees and Interest Award**") in Hong Kong by a Hong Kong International Arbitration Center tribunal (the "**Tribunal**"). Respondent subsequently submitted an

application to the Tribunal seeking to modify that award. On June 26, 2020, the Tribunal issued a decision (the "**June 2020 Decision**") modifying the March 2020 Fees and Interest Award.[1]

3. Petitioner seeks an order from this Court under § 207 of the Federal Arbitration Act recognizing and confirming the March 2020 Fees and Interests Award and the June 2020 Decision, and entry of judgment thereon pursuant to 9 U.S.C. § 13.

## PARTIES

4. Petitioner is the Hong Kong-domiciled Estate of Ke Zhenguang (referred to as the "Second Claimant" in the March 2020 Fees and Interests Award). The Administrators of the Hong Kong-domiciled Estate of Ke Zhenguang are Mdm. Zhang Yuejin (widow to Mr. Ke Zhenguang) and Mdm. Ke Yeying (daughter of Mr. Ke Zhenguang).

5. Respondent Yu Naifen Stephany (a/k/a Stephany Yu, a/k/a Stephany Naifen Yu, a/k/a Stephany N. Dombrowski) is, upon information and belief, a U.S. citizen who resides at 15400 River Road, Germantown, Maryland 20874. Ms. Yu ("**Respondent**") is referred to as the "Second Respondent" in the March 2020 Fees and Interests Award.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action pursuant to 9 U.S.C. § 203, since this proceeding seeks recognition and enforcement of a foreign arbitral award that falls under the New York Convention.

7. This Court has personal jurisdiction over the Respondent, since the Respondent is a resident of Maryland.

---

[1] In November 2018, Petitioner filed an action in this Court to enforce a final award on the merits that was issued by the same tribunal in February 2018. *See Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.). On February 24, 2020, this Court issued a Memorandum Opinion granting Petitioner's request to recognize and enforce that award. *See id.* (ECF. No. 53).

8. Venue is proper under 9 U.S.C. § 204 and 28 U.S.C § 1391(b)(1) since the Respondent is a resident of the District of Maryland and/or under 28 U.S.C § 1391(b)(3) because Respondent is subject to this Court's personal jurisdiction.

## BACKGROUND

**The Agreement to Arbitrate**

9. The March 2020 Fees and Interests Award and the June 2020 Decision stem from disputes that arose under an agreement between certain parties including Mr. Ke Zhengguang and Respondent entitled "Agreement on the Implementation of 'The Preliminary Share Restructuring Agreement,'" executed on April 28, 2010 (the "**4.28.10 Agreement**").

10. The 4.28.10 Agreement provides as follows, at Article 4.2:

> Any conflicts, disputes and claims resulted from this agreement or related to this agreement, breach of contract, termination of contract and void of contract (hereafter referred to as "disputes") shall be dealt with through amicable negotiations by all Parties. If negotiation fails, any Party is entitled to submit the dispute to the Hong Kong International Arbitration Centre for arbitration. The arbitration is to be conducted in Chinese. The arbitration tribunal is to consist of three arbitrators. Oasis Investment and the Controlling Shareholders are entitled to nominate one arbitrator, the Non-controlling Shareholders are entitled to nominate another arbitrator, and the third arbitrator, who will be the chief arbitrator, is to be nominated by the Chairperson of the Hong Kong International Arbitration Centre. The outcome of arbitration is final and binding on all Parties.

**The Arbitration Proceedings in Hong Kong**

11. On February 22, 2013, a Notice of Arbitration was filed with the HKIAC to resolve certain disputes that arose under the 4.28.10 Agreement.

12. After Mr. Zhengguang died in late 2013, Mdms. Zhang Yuejin and Ke Yeying were given approval by the High Court of Hong Kong to participate in the arbitration as the

Hong-Kong-domiciled Estate of Ke Zhengguang. Mr. Zhengguang's separate, PRC-domiciled Estate was not permitted to join the arbitration.

13. On February 28, 2018, the Tribunal issued a final award on the merits (the "**2018 Final Award**"). The 2018 Final Award did not address issues related to attorneys' fees, costs, or interest.

**Petitioner Enforces the 2018 Final Award in This Court**

14. In November 2018, Petitioner filed an action in this Court to enforce the 2018 Final Award. *See Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.).

15. On December 19, 2018, the arbitral tribunal issued an award (the "**December 2018 Clarification Award**") clarifying the 2018 Final Award.

16. On March 4, 2019, Petitioner filed an amended petition seeking enforcement of the 2018 Final Award as clarified by the 2018 Clarification Award.

17. On February 24, 2020, this Court issued a Memorandum Opinion granting Petitioner's request to recognize and enforce the 2018 Final Award. *See id.* (ECF. No. 53). In its opinion, the Court directed the parties to submit an agreed proposed judgment, or a letter addressing any disputes related to the exchange rate and pre- and post-judgment interest (*Id.* at 20).

18. The parties reached agreement on the exchange rate and post-judgment interest, but could not reach agreement on the availability of post-award, prejudgment interest or the applicable interest rate. On March 13, 2020, Petitioner and Respondent submitted separate letters to the Court detailing their respective positions on these issues, together with proposed final judgments. As of the date of this Petition, the Court had not issued a final judgment.

## The Tribunal Issues the March 2020 Fees and Interests Award

19. On March 16, 2020, the Tribunal issued the March 2020 Fees and Interests Award. Paragraphs 107 and 108 of the award provide for an award of attorney's fees, costs, and interest to Petitioner, as follows:

> The Respondents shall pay [Petitioner] HK$ 7,800,000 for attorney's fees and HK$ 4,961,030 for arbitration fees (including the fees for the arbitral tribunal and the fees for HKIAC).

> With regards to Orders No.8 and No.9 in the final award of the arbitral tribunal (excluding the arbitration fees and interests), the Respondents shall pay the interest. The method to calculate the interest is as follows: Simple interest with the principal amount of RMB 145,974,006 multiplied by the interest rate which is the most preferential loan interest rate of HSBC in Hong Kong plus 1%.

20. Paragraph 103 of the award specifically requires that pre-award and post-award interest accrue at the HSBC preferential loan interest rate up until the date of payment by Respondent:

> With regards to the interest rate, the arbitration tribunal holds the opinion that the most appropriate interest rate is the most preferential loan interest rate of HSBC plus 1%. *The interest rate is applicable before and after the arbitration award until the Respondent makes payment.* The amount of principal for calculating the interest is RMB 145,974,006. Under the Article 80 (1) of the Arbitration Ordinance, the interest is payable on money awarded by an arbitral tribunal from the date of the award at the judgment rate, except when the award otherwise provides. This means that the arbitral tribunal may, at its discretion, determine the interest to be paid for the amount awarded not at the judgment rate (currently 8% per annum). *In this case, considering the relatively long time from the date of the award to the final award for the arbitration fees and interests, the arbitration tribunal decided that a more reasonable approach should be to adopt the most preferential loan interest rate of Hong Kong HSBC plus 1% as the applicable interest rate after the arbitration award until the Respondents pay off the money.*

Ex. D at ¶ 103 (emphasis added).

21. Respondent refused to pay any of the amounts awarded by the March 2020 Fees and Interest Award.

**The June 2020 Decision**

22. On April 15, 2020, Respondent filed an application with the Tribunal seeking to modify the March 2020 Fees and Interest Award.

23. On June 26, 2020, the Tribunal issued the June 2020 Decision. The decision modified paragraphs 107 and 108 of the March 2020 Fees and Interest Award to read as follows:

> The respondents must pay [Petitioner] HK$ 6,599,822 of lawyer fee and HK$ 1,377,978.55 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC).
>
> According to the 8th and 9th orders of the arbitral tribunal in the *Final Award (Except Interest and Arbitration fees)*, the respondents must pay interest. The calculation method of the interest is: (i) RMB 135,627,795 of the principal × simple interest (HSBC prime rate + 1%) × 36 months of interest period (applicable to the 8th order of the *Final Award*); + (ii) RMB 10,346,211 of the principal × simple interest (HSBC prime rate + 1%) × 204 days of interest period (from 8 August 2017 to 28 February 2018) (applicable to the order of the *Final Award*).

24. The June 2020 Decision made no change to paragraph 103 of the March 2020 Fees and Costs Award (which requires that pre-award and post-award interest accrue at the HSBC preferential loan interest rate up until the date of payment by Respondent).

25. Respondent has failed to pay any amounts awarded to Petitioner in the March 2020 Fees and Interest Award, as modified by the June 2020 Decision.

## LEGAL BASIS FOR PETITION

26. Under the New York Convention, parties may seek recognition and enforcement of foreign arbitral awards in the United States, where the award was made in the territory of another Contracting State. *See* New York Convention, Art. I, cl. 1. and cl. 3.

27. To obtain recognition and enforcement, a party must supply at the time of the application: "(a) The duly authenticated original award or a duly certified copy thereof; (b) The original agreement [containing the arbitration clause giving rise to the arbitral award] or a duly certified copy thereof." *Id*. Art. IV, cl. 1. Furthermore, if the award or agreement seeking recognition and enforcement is not made in the official language of the State it is seeking recognition in, then certified translations must also be supplied at the time of application. *Id.* Art. IV, cl. 2.

28. Once a party applying for recognition and enforcement under the New York Convention has produced the necessary documents, a federal district court must confirm an arbitral award falling under the New York Convention "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *See* 9 U.S.C. § 207.

## COUNT ONE
**(Recognize and Enforce Arbitration Award)**

29. Petitioner repeats and realleges each of the foregoing paragraphs as if more fully set forth at length herein.

30. The March 2020 Fees and Costs Award and the June 2020 Decision were made in Hong Kong, a Contracting State to the New York Convention.

31. Petitioner at the time of this application has supplied the following supporting documents:

Exhibit A:    Duly Certified Copy of the 4.28.10 Agreement (arbitration agreement)

Exhibit B:    Certified Translation of the 4.28.10 Agreement (arbitration agreement)

Exhibit C:    Duly Authenticated March 2020 Fees and Costs Award

Exhibit D:    Certified Translation of March 2020 Fees and Costs Award

Exhibit E:    Duly Authenticated June 2020 Decision

Exhibit F:    Certified Translation of June 2020 Decision

Exhibit G:    HKIAC Letter Confirming Issuance of March Award & June Decision

32. None of the grounds available for refusal or deferral of recognition or enforcement of an award specified in the New York Convention are applicable to the March 2020 Fees and Costs Award and the June 2020 Decision.

**WHEREFORE**, Petitioner, the Estate of Ke Zhengguang, respectfully requests this Court enter an Order:

(a) pursuant to 9 U.S.C. § 207, recognizing, confirming, and enforcing the March 2020 Fees and Interest Award and the June 2020 Decision against Respondent and entering a judgment in favor of Petitioner in accordance with these rulings;

(b) directing Respondent to pay Petitioner the sum of $1,027,286.03, which represents the legal fees and costs that Respondent was ordered to pay to Petitioner in paragraph 107 of the March 2020 Fees and Interest Award, as modified by the June 2020 Decision, after converting to U.S. dollars;[2]

---

[2] The sum of $1,027,286.03 represents legal fees and costs awarded to Petitioner (HKD 7,977,800.55) in the March 2020 Fees and Costs Award (as modified by the June 2020 Decision), converted to U.S. dollars at the exchange rate published in the *Wall Street Journal* as of March 16, 2020 (each US dollar equals 7.7659 HK dollars).

(c) directing Respondent to pay Petitioner the sum of $1,770,510.83, which represents Petitioner's share of the pre-award interest awarded by paragraph 108 of the March 2020 Fees and Interest Award, as modified by the June 2020 Decision.[3]

(d) awarding Petitioner post-award, pre-judgment interest at a rate to be determined by the Court;[4]

(e) awarding Petitioner post-judgment interest from the date of entry of judgment to the date the judgment is satisfied, at a rate to be determined by the Court; and

(f) for such other and further relief as this Court may deem equitable and just.

Dated: August 5, 2020

LAW OFFICES OF ALLAN POTESHMAN, LLC

By: *[signature]*

Allan Poteshman
103 Mariam Pass
Middletown, MD 21769
(240) 490-1070
allanposhman@gmail.com

SEIDEN LAW GROUP LLP

By: *Amiad Kushner*

Amiad Kushner*
469 7th Avenue, Suite 502
New York, NY 10018
(646) 766-1914
akushner@seidenlegal.com
*Pro hac vice admission pending

---

[3] The sum of $1,770,510.83 represents pre-award interest on 50% of the principal amount awarded by the Tribunal in Orders 8 and 9 of the 2018 Final Award (Pre-award interest on the remaining 50% of such principal amount is due to the other claimant in the arbitration, Xu Hongbiao, who is identified as the "First Claimant."). The sum of $1,770,510.83 has been calculated using the formula set forth in the March 2020 Fees and Costs Award as modified by the June 2020 Decision (RMB 12,380,828.12), converted to U.S. dollars at the exchange rate published in the *Wall Street Journal* as of March 16, 2020.

[4] The Court's calculation of post-award interest in (d) and (e) above should take into account paragraph 103 of the March 2020 Fees and Costs Award, which provides for post-award interest at the most preferential loan interest rate of Hong Kong HSBC plus 1%, accruing until the date Respondent pays the full amount. The Court's calculation should also take into account post-award interest (if any) that is included in any final judgment enforcing the 2018 Final Award in the related action captioned *Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.).

9