# EXHIBIT A

本同意,不得由档
翻印、公布、出版。
012
上海法院档案材料证明专用章

## 关于执行《股份重组初步协议》的
## 协 议 书

本协议由以下各方于 2010 年 4 月 28 日签订：

(A) 绿洲投资集团有限公司，一家注册于英属维尔京群岛的股份有限公司，注册地址位于【  】（以下称："绿洲投资"）；

(B) 俞乃奋女士，美国公民，美国护照号码 710714118，通讯地址为上海市中山西路 555 号绿洲大厦 419 室，邮政编码：200051；

(C) 俞乃雯女士，中国公民，中国身份证号码 310101196304040864，通讯地址为上海市中山西路 555 号绿洲大厦 419 室，邮政编码：200051；

(D) 俞乃筠女士，中国公民，中国身份证号码 310106197207062822，通讯地址为上海市中山西路 555 号绿洲大厦 419 室，邮政编码：200051；

(E) 柯铮光先生，中国公民，中国身份证号码 310109195601033237，通讯地址为上海市中山西路 555 号绿洲大厦 419 室，邮政编码：200051；

(F) 徐宏标先生，中国公民，中国身份证号码 310104196403192854，通讯地址为上海市中山西路 555 号绿洲大厦 419 室，邮政编码：200051；

(G) 喜盈国际集团有限公司，一家注册于英属维尔京群岛的股份有限公司，注册地址位于【  】；

(H) Focus Town Limited，一家注册于英属维尔京群岛的股份有限公司，注册地址位于【  】；

(I) 绿庭置业有限公司，一家注册于香港的股份有限公司，注册地址位于【  】（以下称："绿庭置业"）；

(J) 上海绿洲科创生态科技有限公司，一家注册于中国上海奉贤区的股份有限公司，注册地址位于【  】（以下称："绿洲科创"）。

1



俞乃奋女士、俞乃雯女士和俞乃筠女士合称为绿洲投资"控股股东",柯铮光先生（或其拥有的喜盈国际集团有限公司）和徐宏标先生（或其拥有的 Focus Town Limited）合称为绿洲投资"参股股东"。绿洲投资、控股股东、参股股东及单称为"一方",合称时为"各方"。

鉴于

1. 控股股东和参股股东已于 2009 年 3 月 24 日作出股份重组的《股东会决议》,并于 2009 年 9 月 4 日签署了《会议纪要》,2009 年 11 月 9 日签署了《股份重组初步协议》("《重组协议》")。上述三份文件就绿洲投资回购参股股东持有的公司股份事宜确定了基本原则及交易架构;

2. 根据《重组协议》第 2.1 及 2.2 款之规定,绿洲投资为回购股份应支付的对价应为相当于人民币 2.5 亿元等额外汇及上海四季花城房地产开发有限公司("四季花城") 100%股权,回购价格支付的期限及支付方式等由各方另行协商;

3. 为解决股份回购中的具体问题,尽快完成《重组协议》所约定的各项交易,降低各方的交易成本和时间成本,各方一致同意签署本协议,以明确回购价格、支付期限、支付方式及与此相关的其他问题。

据此,各方经友好协商,一致同意达成如下协议:

第一条 绿洲投资回购前股权重组

1.1 根据商业需要,柯铮光先生决定将其持有的绿洲投资股权转让予喜盈国际集团有限公司,徐宏标先生决定将其持有的绿洲投资股权转让予 Focus Town Limited,在该等转让完成后再由绿洲投资回购喜盈国际集团有限公司及 Focus Town Limited 分别持有的绿洲投资股权（上述安排以下简称为"回购前股权转让"）。绿洲投资和控股股东对上述安排表示同意并愿意提供必要的配合。

1.2 上述回购前股权转让的税收及其费用由参股股东承担。

2

(2015) 奉民二(商)初字第3476号 2018年8月8日


未经协议批准，未经同意，不得自行
翻印、公布、出版。
上海法院档案材料证明专用章

第二条　绿洲投资回购对价

2.1　现金对价及其支付安排。根据《重组协议》，绿洲投资回购对价的现金支付部分为相当于人民币 2.5 亿元的等额外汇（"现金对价"）。各方同意，在实际支付时，现金对价的金额应作如下调整：

2.1.1　现金对价中应扣除应由参股股东承担的历史遗留往来款人民币 4100 余万元；

2.1.2　现金对价中应增加绿洲投资及控股股东愿意有条件支付的一次性额外补偿人民币 3000 万元（"额外补偿"）。该项额外补偿的支付条件为《重组协议》及本补充协议项下的绿洲投资股份回购及对价支付已经完成，双方对此无重大争议。

2.1.3　各方同意，在本协议签署后，涉及相关股权对价支付等相关事宜，需要调整现金对价的支付金额时，各方将另行签署补充协议。

2.1.4　各方同意，回购对价之现金部分应在香港以港币分成二等份并按下款确定之时间，及时足额分别支付予参股股东所提供之喜盈国际集团有限公司和 Focus Town Limited 的银行账户。

2.2　现金对价的支付条件和支付期限

2.2.1　各方同意，回购对价现金部分支付时间如下：

（1）相当于人民币 8 千万元的港币（"第一期付款"），于下列先决条件全部满足后十日内支付：

(a) 本补充协议已经各方签署；

(b) 参股股东已经签署了绿洲投资有关回购参股股东股权的股东会决议。

（2）相当于人民币 2 千万元的港币（"第二期付款"），于 2011 年 6 月 30 日前支付。




（3） 余款相当于人民币1亿5千万元的港币（"第三期付款"，最终金额为根据下述第（4）项之规定，由各方另行同意或确认的调整后金额为准），在下列先决条件获得满足的前提下于2012年12月31日前支付：

(a) 四季花城股权转让的政府审批及登记手续已经完成；

(b) 绿洲投资已经完成回购参股股东股权所必需的股东变更登记手续；

(c) 参股股东与控股股东已经就前述第2.1款规定的现金对价支付安排及各项调整金额达成协议；

(d) 参股股东确认下述第2.3.5款规定的股权对价支付已经完成且各方对此无争议；

(e) 第3.1款所述之《上海市房地产买卖合同》及第3.2款所述之《上海市房地产预售合同》已经签署并完成在房地产登记机关的过户或预售登记手续。

（4） 现金对价之金额调整。

各方同意，在支付第三期付款前，各方应根据如下各款之约定，计算并确定现金对价的调整金额，并以调整后之金额作为第三期付款的最终金额：

(a) 按照《重组协议》及本协议的约定，绿洲投资及控股股东应以四季花城100%的股权作为股份回购的对价的一部分（"股权对价"）。如因任何法律法规要求该等股权转让必须标明股权转让价款并且须实际支付时，则参股股东因此向绿洲投资及控股股东实际支付的股权转让价款（扣除税费后的净额）部分应增加至现金对价中；

(b) 上述第2.1.1及2.1.2款所约定之款项分担应反映在第三期付款的最终金额中；

(c) 根据本协议其他条款约定应由相关各方承担的税费分担应反映在第三期付款的最终金额中。

4



2.3 股权对价的支付方式。根据《重组协议》，绿洲投资回购对价中股权部分以上海四季花城房地产开发有限公司 100%的股权计付（"股权对价"）。该等股权对价应通过如下方式支付：

2.3.1 绿洲投资已在香港新设立了世邦有限公司（"世邦公司"），并已经安排世邦公司收购了绿洲投资香港子公司绿庭置业有限公司所持有之上海绿庭四季花城房地产开发有限公司（以下称："四季花城"）80%的股权。该等股权收购完成后，绿洲投资应与喜盈国际集团和 Focus Town Limited 签署一份《股权购买权协议》，约定在下述第 2.3.2 款约定的托管期限届满后，将 世邦公司 100%的股权以港币一元对价转让给喜盈国际集团有限公司和 Focus Town Limited。

2.3.2 各方约定：绿洲投资在世邦公司股权转让给喜盈国际集团有限公司和 Focus Town Limited 的《股权购买权协议》签署后，由绿庭置业与喜盈国际集团有限公司和 Focus Town Limited 签署相关托管协议，该协议约定：(1)喜盈国际集团有限公司和 Focus Town Limited 受绿庭置业委托管理世邦公司并代为行使股东权利三年（"托管期限"）；(2)托管期限内世邦公司及四季花城的所有债权债务、责任与风险均由参股股东承担。如因任何原因导致控股股东、绿洲投资或绿庭置业需承担世邦公司或四季花城在托管期间的债权债务、风险或责任时，参股股东需向控股股东、绿洲投资或绿庭置业提供全额补偿。

2.3.3 四季花城公司目前由绿洲投资下属绿洲科创生态有限公司持有的另外 20%股权转让予参股股东指定的一家中国国内企业（"境内股权对价支付"）。如按照中国法律规定，该等股权转让需实际支付对价时，按照前述第 2.2.1(4)(a)款的规定处理。

2.3.4 各方同意：因境内股权对价支付所产生的税收、费用，以及境外世邦公司托管安排及股权转让给喜盈国际集团有限公司和 Focus Town Limited 的税收、费用由参股股东承担。除此之外的与股权对价支付有关的税收、费用的分担问题，由各方届时另行协商。因境内及境外股权对价支付相关的股权转让手续，即申请、登记、政府手续等项事宜均由参股股东负责办理，控股股东、绿洲投资提供必要的协助。



本材料仅供参考，未经同意，不得自行翻印、公布、出版。
上海法院档案材料证明专用章

2.3.5 鉴于绿洲投资及控股股东已经在本协议签署前将四季花城的实际控制权移交给了参股股东，各方同意，一旦绿洲投资及控股股东签署了前述第2.3.1款所述的《股权购买权协议》及第2.3.2款所述的《托管协议》，股权对价的支付即视为已经完成。

第三条 与绿洲投资回购及回购对价相关的其他约定

3.1 本协议签署后30日内，绿洲投资和控股股东应指定其子公司上海绿庭房地产开发有限公司与参股股东或其指定第三方签署《上海市房地产买卖合同》，约定由绿庭房地产公司将已达到交房条件的松江区九亭绿庭尚诚房产项目商业用房约8000平方米（具体包括绿庭尚诚一期沿街三层商业用房约6000平方米和二期中心广场西侧全部商业用房约2000平方米。）转让给参股股东或其指定的第三方。为避免歧义，(1)在《上海市房地产买卖合同》签署的同时，绿洲投资及控股股东应将该等商业用房的使用权交付给参股股东或其指定的第三方，交付使用后的租金或其他收益归参股股东或其指定的第三方；(2)2011年6月30日之前，绿洲投资及控股股东应将该等商业用房的所有权转移给参股股东或其指定的第三方。

3.2 在上述第3.1款所述之《上海市房地产买卖合同》签署同时，四季花城将与绿洲投资或控股股东指定的第三方签署《别墅定制合同》，将其开发的、位于上海奉贤区奉浦工业区半岛名墅项目的中心岛A2型别墅2幢（图纸建筑面积各约1200平方米，绿洲投资和控股股东已收到该图纸并知晓其交房标准，确认其实际价格为下述价格）在达到交房标准后转让与绿洲投资或控股股东指定的第三方。为避免歧义，参股股东应促使四季花城于2011年6月30日与绿洲投资或控股股东指定的第三方签订《上海市房地产预售合同》并完成该等别墅的预售登记手续；

3.3 各方确认：上述《上海市房地产买卖合同》及《别墅定制合同》（或《上海市房地产预售合同》）所涉之房屋的价值均作价为人民币7200万元。由于两者价格相等，为本协议之目的，此项对价视为相互抵消（无论其财务方面是否能做抵消论处，但双方约定不再实际支付）。

3.4 品牌：自本协议签订之日起，除参股股东根据本协议获得的四季花城及其资产的名称权、标识、注册商标等不作变动（但仅限于在经营四季花

城现有业务中使用，不得用于任何新业务）外，绿洲投资及其下属公司的所有品牌及其他知识产权均归控股股东实际拥有。未经控股股东许可，参股股东不得继续使用该等品牌及其他知识产权。

3.5 任职：各方同意，自第一期付款支付之日起，参股股东应被视为已经辞去其在绿洲投资及其下属公司所担任的任何职务（在四季花城的职务除外），而控股股东应被视为已经辞去其在四季花城所承担之任何职务。绿洲投资及其下属公司可以根据本款规定办理相关董事、监事或其他职务的变更手续。

3.6 关联交易：本协议签订之日起，四季花城与绿洲投资及其下属公司之间的关联交易应予终止；所有债权债务应在一个月内予以清结。本协议另有约定的除外。

3.7 承诺：参股股东承诺在本协议得到全面及时履行的情况下，在全球范围内不再向绿洲投资、控股股东及其旗下公司主张任何权利。

3.8 四季花城的营业证件、执照和公章等应在第一期付款同时移交予参股股东。

第四条 其他

4.1 本协议未涉及事项，以《重组协议》的约定为准。《重组协议》及本协议均未涉及的，由各方通过友好协商另行签订补充协议，补充协议与本协议有同等效力。

4.2 因本协议或与本协议有关的争议、争执和索偿，违约终止或合同无效等（以下称"争议"）各方应友好协商解决。协商不成时，任何一方均有权将争议提交香港国际仲裁中心以仲裁解决，由该中心按照其届时有效的仲裁规则在香港进行仲裁。仲裁以中文进行。仲裁庭由三名仲裁员组成，绿洲投资及控股股东有权指定一名仲裁员，参股股东有权指定一名仲裁员，第三名及首席仲裁员由香港国际仲裁中心主席指定。仲裁结果是终局的，对各方均有约束力。

4.3 本协议自签署之日起生效。

7

(2015) 奉民二(商)初字第3476号   2018年8月8日

本材料经当事人书面同意，不得自行翻印、公布、出版。
上海法院档案材料证明专用章
012

4.4　　本协议以中文写成，一式十份，各方各执一份。

签署：

绿洲投资集团有限公司

_____
俞乃奋

_____
俞乃雯

_____
俞乃筠

_____
绿庭置业有限公司

_____
上海绿洲科创生态科技有限公司

_____
柯铮光

_____
喜盈国际集团有限公司

_____
徐宏标

_____
Focus Town Limited

For and on behalf of
Oasis Investment Group Limited
_____
Authorised Signature(s)