# EXHIBIT C

根据《2008 香港国际仲裁中心机构仲裁规则》进行之仲裁

案号：HKIAC／A13028

| | |
|---|---|
| 徐宏标 | **第一申请人** |
| 柯铮光之遗产 | **第二申请人**<br>(合称"申请人") |
| 绿洲投资集团有限公司<br>(Oasis Investment Group Limited) | **第一被申请人** |
| 俞乃奋 (Yu Stephany Naifen) | **第二被申请人** |
| 俞乃雯 (Yu Naiwen) | **第三被申请人** |
| 俞乃筠 (Yu Naijun) | **第四被申请人**<br>(合称"被申请人") |

---

### 就仲裁费与利息的最终裁决

---

## A.   前言

1.   2018 年 2 月 28 日，仲裁庭就本案做出最终裁决（仲裁费与利息除外）。该最终裁决于 2018 年 3 月 7 日由 HKIAC 送达当事人各方。

2.   2018 年 12 月 19 日，仲裁庭就第二申请人提交的《第二申请人之解释/更正/补充裁决申请书》做出了对仲裁裁决书的解释、更正和补充。该决定书于 2019 年 1 月 9 日由 HKIAC 送达当事人各方。

1

3. 根据仲裁庭于 2018 年 9 月 27 日的电邮，指令各方应当在仲裁庭就解释更正补充申请做出裁定之后再行处理讼费与利息问题。

4. 2019 年 2 月 11 日，第一申请人致电邮给仲裁庭，重新附上第一申请人于 2018 年 4 月 21 日已向仲裁庭提交了有关第一申请人的讼费与利息的陈述。

5. 第一申请人请求仲裁庭就讼费与利息问题，作出以下指令:

   (1)   第二申请人及被申请人需在 14 天内，就讼费与利息问题向仲裁庭提交书面陈述。

   (2)   第一申请人需在及后的 14 天内，向仲裁庭提交回应陈述。

6. 2019 年 2 月 15 日，第二申请人就第一申请人 2019 年 2 月 11 日提出的有关讼费和利息问题的时间表通知仲裁庭，第二申请人与被申请人进行了协商，并就以下观点达成一致意见希望仲裁庭予以采纳。

   (1)   仲裁庭指示各方可以开始就讼费和利息问题进行协商之日起 21 天内，各方先行就讼费与利息问题在无损权益的基础之上进行协商，并尝试达成和解。

   (2)   如果各方在 21 天结束时未能就讼费与利息的全部问题达成和解，各方应当于在此之后的 35 天之内，就没有达成和解的讼费与利息问题向仲裁庭提交各自的陈述。该陈述应当包括各方就讼费与利息问题的责任分担，主张的金额，各方陈述所依赖的证据材料与法律依据。

2

(3) 律师费账单除每张账单金额之外的信息，及其它证据材料中有受特权保护的内容，无需提供。

(4) 各方应当在提交讼费与利息问题的陈述之后的 21 天之内，提交各自对其他当事人陈述的答复。

7. 2019 年 2 月 19 日，仲裁庭做出如下指示供各方遵循：

(1) 各方就讼费和利息问题从当天（即 2019 年 2 月 19 日）起 14 天内进行协商，各方先行就讼费与利息问题在无损权益的基础之上进行协商，并尝试达成和解。

(2) 如果各方在 2019 年 3 月 5 日未能就讼费与利息的全部问题达成和解，各方应当于在此之后的 21 天之内（即 2019 年 3 月 26 日），就没有达成和解的讼费与利息问题向仲裁庭提交各自的陈述。该陈述应当包括各方就讼费与利息问题的责任分担，主张的金额，各方陈述所依赖的证据材料与法律依据。

(3) 律师费账单除每张账单金额之外的信息，及其它证据材料中有受特权保护的内容，无需提供。

(4) 各方应当在提交讼费与利息问题的陈述之后的 14 天之内（即 2019 年 4 月 9 日），提交各自对其他当事人陈述的答复。

8. 2019 年 3 月 24 日，仲裁庭应当事人各方的共同要求，批准当事人各方提交讼费与利息问题的陈述延期至 2019 年 4 月 4 日，而当事人各方提交答复的时间也相应顺延至 2019 年 4 月 18 日。

3

9.   2019 年 4 月 4 日，仲裁庭应当事人各方的共同要求，批准被申请人申请一个短暂的延期，将各方提交讼费与利息陈述时间延期至 2019 年 4 月 8 日，而各方提交答复的时间也相应顺延到 2019 年 4 月 23 日（考虑到 4 月 22 日为复活节假期）。

10.  2019 年 4 月 8 日，第一申请人提交了第一申请人的讼费主张金额和第一申请人的讼费与利息陈述。同一天，第二申请人提交了费用与利息陈述及法据典章。2019 年 4 月 9 日凌晨，被申请人提交了被申请人仲裁费用及利息问题的陈述。

11.  2019 年 4 月 24 日，仲裁庭应各方共同要求，批准延期两周，各方于 2019 年 5 月 7 日提交讼费与利息答复。

12.  2019 年 5 月 8 日，仲裁庭就第一申请人于 5 月 7 日做出的延期申请，听取了第二申请人与被申请人的反对意见后，批准各方于 2019 年 5 月 10 日提交讼费与利息答复。仲裁庭强调，除非有非常特殊的原因，仲裁庭不会再允许延期申请。

13.  2019 年 5 月 10 日，各方提交了其对于仲裁费与利息的回复陈述。

14.  仲裁庭已仔细与充分的阅读并考虑了上述各方提交的书面陈述，并经合议后做出此《就仲裁费及利息的最终裁决》。由于各方提交的陈述相当详细及冗长，故仲裁庭不在此裁决书中将各方的所有观点和主张一一列出，但这并不代表仲裁庭没有充分考虑该些观点或主张。

4

**B.    第一申请人的陈述**

15.    第一申请人依赖其于 2018 年 4 月 21 日提交的《第一申请人的讼费与利息陈述》。在该陈述中，第一申请人指出，被申请人于 2017 年 7 月 13 日的结案陈词 F 部就讼费的陈述，曾指出两点：

(1)    视乎裁决结果责任谁属，讼费应以比例分担；

(2)    如被申请人需付讼费的话，不应支付第二申请人的讼费。

16.    第一申请人主张仲裁费用，(包括第一申请人的律师费)都应该由被申请人所承担，理由如下：

(1)    除非有特殊情况，否则仲裁费用原则上应有败诉方负担：香港国际仲裁中心规则 (2008 年 9 月 1 日生效) 第 36.4 款；

(2)    根据仲裁裁决，仲裁庭明显就大部分争议题都接纳了第一申请人的立场并裁定了被申请人败诉。第一申请人列出了最终裁决中的段落及裁定：246，254，267，268，269，271，274，281（有关股权对价问题）；274（有关物业互换问题）；314，318，320，322，324（有关四季花城债券债务的清结问题）。

17.    第一申请人也指出除外，被申请人已表明如需要就本仲裁支付讼费的话，愿意支付第一申请人的讼费：见被申请人结案陈词第 161 段。

18.    第一申请人的仲裁讼费主张总金额为 HK$28,000,000，包括第一申请人的律师费用、大律师费用、仲裁中心及仲裁庭的费用。但是，仲裁庭注意到第一申请人并未提供该笔金额的证据支撑，这不符合仲

5

裁庭 2019 年 2 月 19 日做出的指示，也使仲裁庭无从得知该笔金额是否准确。

19.   就利息问题，第一申请人主张被申请人应当就延迟支付最后一期对价人民币 1.5 亿元，从 2012 年 12 月 31 日至实际支付日的期间支付利息。

20.   第一申请人建议仲裁庭采用合适的息率为香港法院显示的判定债项息率，即 8%。交替地，如仲裁庭认为判定债项息率叫适用于裁决书颁布之后的时段，第一申请人建议从 2012 年 12 月 31 日至裁决书生效日期的时段采用合适的息率为汇丰的港元最优惠利率加 1%：参阅 Hong Kong Civil Procedure 2018 Vol. 1, 99-105 页。

21.   最后，第一申请人要求仲裁庭澄清裁决书的生效日期，因为虽然裁决书的日期为 2018 年 2 月 28 日，但各方是在 2018 年 3 月 7 日才正式收到文件。

**C.   第二申请人的陈述**

22.   第二申请人指出，仲裁庭于 2016 年 4 月 6 日决定准许第二申请人当时代表律师（贝克麦坚时）代表第二申请人遗产管理参与仲裁。基于第二申请人作为仲裁的胜诉方，在所有争议议题上均获得胜诉，而且在整个仲裁过程中对仲裁庭的工作智力配合和提供协助，第二申请人主张仲裁庭裁定其应获得因仲裁所产生的费用。

6

23.  第二申请人做出了一份列表，列出了仲裁庭在最终裁决及更正裁决中的摘要，拟证明第二申请人是胜诉方。

24.  除外，第二申请人指出仲裁庭接受第二申请人的主张，裁定被申请人赔偿申请人人民币 10,346,211 元的损失（最终裁决 303 段及第九项命令），并于最终裁决第 222 段驳回被申请人的全部反诉请求。因此，第二申请人主张，被申请人应当承担第二申请人因仲裁所产生的费用。

25.  第二申请人引述并依赖《香港仲裁条例》（香港法例第 609 章）第 74 条规定仲裁庭对于讼费做出裁决的权利，以及 2008 年香港国际仲裁中心机构仲裁规则第 36 条的规定。

26.  《香港仲裁条例》（香港法例第 609 章）第 74 条规定了仲裁庭对于讼费作出裁决的权利：

    *"74. 仲裁庭可作出判给仲裁程序费用的裁决*

    *(1)   仲裁庭可将对仲裁程序的费用(包括该仲裁庭的收费及开支) 方面的指示，包括在裁决内。*

    *(2)   仲裁庭在顾及所有有关情况(如适当的话，包括已就有关争议作出书面要约和解此一事实) 下，可在第(1) 款所指的裁决中，指示费用须支付予谁人、由谁人支付及以何方式支付。*

7

(3) 凡任何一方要求作出命令或指示(包括临时措施)，则仲裁庭亦可就该请求，行使其酌情决定权，命令一方支付费用(包括该仲裁庭的收费及开支)。

(4) 仲裁庭可指示，根据第(3)款命令支付的费用须立即支付，或在该仲裁庭指明的其他时间支付。

(5) 除第75条另有规定外，仲裁庭须——

(a) 评估根据本条判给或命令支付的费用(该仲裁庭的收费及开支除外)的款额；及

(b) 判给或命令支付该等费用(包括该仲裁庭的收费及开支)。

(6) 在第(7)款的规限下，仲裁庭根据第(5)款评估费用(该仲裁庭的收费及开支除外)的款额时，无须跟随法院在评定讼费时所采用的讼费收费表及常规。

(7) 仲裁庭——

(a) 须只准予在顾及整体情况下属合理的费用；及

(b) 可准予在展开仲裁前为准备仲裁程序而招致的费用，但如各方另有协议则除外。

8

(8)　　如仲裁协议的任何条文，规定各方或任何一方须就根据该协议产生的仲裁程序，支付其自己的费用，该条文属无效。

(9)　　如第(8)款所提述的条文属协议的一部分，而该协议规定将在该协议订立前已产生的争议提交仲裁，则该条文并非无效。"

27.　另外，2008 年香港国际仲裁中心机构仲裁规则（"2008 仲裁规则"）第 36 条有如下规定：

"36.4 除第 36.5 款规定的情况外，仲裁费用原则上应由败诉一方负担。但是，在参酌案件情况后，若仲裁庭认为合理，也可以裁定由当事各方分担仲裁费用的全部或部分。

36.5 第 36.1 (5)款所述的法律代理和协助费用，应由仲裁庭参酌案件情况，自行裁定由哪一方负担；或者，如其认为合理，裁定由当事各方分担。"

28.　此外，第二申请人还引述了下面的著作及案例：

(1)　Arbitration in Hong Kong, A Practical Guide, 第四版 2017, § 15.223-15.226;

(2)　**Re Elgindata Ltd No. 2** [1992] 1 WLR 1207;

(3)　**Kwan Siu Wa Becky v. Cathay Pacific Airways Ltd** (CACV 92/2010, 19/04/2011)

9

29.   基于以上的法律论据，第二申请人主张，除非败诉方能证明胜诉方
      提出的问题或者指控导致仲裁程序显着延长或者仲裁费用显着提高，
      否则胜诉方一般不应被剥夺其讼费。

30.   第二申请人逐项列出其在仲裁中产生的法律费用如下：

| 序号 | 内容 | 金额估算 （港币） |
|---|---|---|
| 1. | 准备和审阅仲裁抗辩文件（包括但不限于仲裁通知书，对仲裁通知书的答复，仲裁申请书，答辩及反诉书等） | 第一申请人所申请的费用的一半 |
| 2. | 准备证人证词及回复证人证词 | 1,920,000.00 |
| 3. | 协助准备专家报告 | 915,000.00 |
| 4. | 准备庭审卷宗 | 620,000.00 |
| 5. | 准备开庭陈词，人物关系及大事件 | 450,000.00 |
| 6. | 参加开庭 | 1,800,000.00 |

ASIA-DOCS\10768653.6

| 7. | 准备两轮结案陈词 | 510,000.00 |
|---|---|---|
| 8. | 参加结案开庭 | 200,000.00 |
| 9. | 提供仲裁一般法律建议，与仲裁庭，大律师和各方当事人，第三方联络 | 1,938,367.23 |
| | 总计 | 8,353,367.23 |

第二申请人在仲裁中产生的主要第三方费用和杂费统计如下（相关账单见[附件-2]）：

| 序号 | 内容 | 金额（港币） |
|---|---|---|
| 1. | 大律师费用<br><br>许伟强资深大律师参与庭 810,000<br>前会议以及出庭委聘费<br><br>郑欣琪大律师参与庭前会 282,000<br>议以及出庭委聘费 | 2,084,000.00 |

ASIA-DOCS\10768653.6

| | | |
|---|---|---|
| | 许伟强资深大律师准备两 324,000<br>轮结案陈述费用 | |
| | 郑欣琪大律师准备两轮结 108,000<br>案陈述费用 | |
| | 许伟强资深大律师延续聘 270,000<br>用费 | |
| | 郑欣琪大律师延续聘用费     90,000 | |
| | 许伟强资深大律师准备裁 140,000<br>决更正申请费 | |
| | 郑欣琪大律师准备裁决更 60,000<br>正申请费 | |
| 2. | 叶永青专家费用 | 396,953.00 |
| 3. | 仲裁庭费用 | 2,136,542.52 |
| 4. | 香港国际仲裁中心费用 | 41,120.50 |

12

| 5. | DTI 费用 | 75,475.00 |
| 6. | 开庭房间费用 | 89,898 |
| 7. | 总计 | 4,823,989.02 |

总计：HK$13,177,356.20

31. 就被申请人在其结案陈词中第 161 段的主张，即：即便被申请人需要就本仲裁支付讼费，他们亦只需支付第一申请人的讼费，第二申请人引述了香港法院在 Eric Edward Hotung v. Ho Yuen Ki (HCA 857/2011, 18/05/2017) 一案中所给出的参考。在该案中，法院在决定第二和第三被告分别由不同律师团队代表的必要性时，引用了法庭在**厦门新景地集团有限公司 formerly known as 厦门鑫新景地房地产有限公司** v. Eton Properties Ltd & Ors (HCCL 13/2011, 20/11/2012) 的表述，提出了以下分析：

> *"29 Accordingly if, as Mr Barlow strongly pressed, 'necessity' indeed is the appropriate benchmark when considering the separate representation of multiple defendants, then it seems to me that this must be qualified in terms of the 'necessity' of such separate representation being <u>reasonably apparent when viewed through the factual prism existing at the time of the retention of such representation, and not simply as a post-facto conclusion based upon that which did, or did not, occur at trial.</u>*

13

> *30 In the present case therefore, at the time of retention of the representation in question - and as we know in this case eventually there were four 'cluster's of defendants and four legal teams - was it reasonable or unreasonable to have taken the view that separate representation was 'necessary' in order to guard against the possibility of conflicts of interest arising between the multiple defendants?"*

> *5. It would appear that the learned judge considered the applicable test to be whether it was reasonably necessary for two (or more) legal teams to be engaged for a number of defendants when **viewed at the time of retention of such representation, and not as a matter of hindsight**."*

32. 因此，要判断共同诉讼人是否有合理明显的必要性聘请不同的律师，必须以聘请律师当时的事实为依据。

33. 第二申请人陈述了当第二申请人柯铮光先生于 2013 年 12 月 15 日左右逝世以后，第二申请人原来的代理律师周卓立 陈启球 陈一理律师事务所为何不能继续代表柯先生的遗产管理人，以及仲裁庭为何于 2016 年 4 月 6 日决定准许贝克麦坚时律师事务所代表柯先生的遗产管理人参与仲裁。

34. 第二申请人也表明了其律师团队尽力协助和配合仲裁庭的工作。

ASIA-DOCS\10768653.6

35. 除了一般仲裁过程中的主要程序和文件，第二申请人也在其陈述的第36-58段中主张其有权就仲裁十个中间程序向被申请人或第一申请人讨回费用。有关的陈述仲裁庭已详细考虑，在此无需赘述。

36. 就利息问题，第二申请人的陈述分为两个部分：

    (1) 最终裁决颁布之前的利息；以及

    (2) 最终裁决颁布之后的利息。

37. 有关第（1）部分（即最终裁决颁布之前的利息），第二申请人引述了香港仲裁条例第79条有关规定仲裁庭对于利息做出裁决的权利。

38. 就利息的适用本金，第二申请人主张被申请人应当支付最终裁决下判给第二申请人的款项，即第8项命令（1.5亿元减41,244,613.21元再加3000万元）和第9项命令（人民币10,346,211元）分别的二分之一所产生的利息。

39. 就利息的期间，第二申请人主张应当为4.28协议下履行期限届满之日至仲裁庭做出裁决之日。针对最终裁决第8项命令而言，根据4.28协议2.2.1（3）条的规定，应当从2012年12月31日开始计算，并截止到最终裁决之日2018年2月28日。针对最终裁决第9项命令而言，应当从2017年8月8日开始计算，并截止到最终裁决之日2018年2月28日。

40. 就利率问题，第二申请人主张应当适用香港法院传统的利率，即：年利率按照不时适用的香港汇丰银行最优惠贷款利率加1%。第二申

15

请人引述了香港法院的判例 **Komala Deccof & Co. S.A. and Others v.**
**Perusahaan Pertambangan Minyak Dan Gas Bumi Negara**
**(Pertamina**) [1984] HKLR 219 以及 **Waddington Ltd v. Chan Chun**
**Hoo Thomas** CACV 10/2014, 20.5.2016)一案。

41.  第二申请人也主张就最终裁决第 8 项命令的利息，应以复利利率计
     算，才能实际反应申请人因为被申请人的违约行为而一直被剥夺有
     关款项的损失，其法律依据为 **A-G v. Shimizu Corp** [1996] HKLY 88。

42.  有关第（2）部分（即最终裁决颁布之后的利息），第二申请人引
     述了香港仲裁条例第 80 条有关规定仲裁庭对于利息做出裁决的权利。

43.  第二申请人主张被申请人应当按判定利率 8%向第二申请人支付最终
     裁决第 8 项与第 9 项命令下的利息。利息计算的时间应当从最终裁决
     判定的给付期限起算，即：针对第 8 项命令，应当从裁决做出之日 3
     个月之日起直至相应款项获得支付。针对第 9 项命令，应当从裁决
     做出之日直起至相应款项获得支付。

**D.   被申请人的陈述**

44.  被申请人在其陈述书的精要总结指出：

     "*被申请人认为，关于费用和利息的分摊，仲裁庭享有充分的裁量*
     *权。在本案中，各方当事人各有获得支持的主张。被申请人在本案*
     *程序中的立场是合理的。一直以来，被申请人的立场是同意履行*
     *《4.28 协议》。被申请人从未反对执行该协议，但该协议的执行需*
     *要各方配合才能推进，目前的执行情况恰好印证被申请人一直以来*

16

的观点。"分拆"的执行无法推进是因为各方意见不同导致不能合作。各方在本案中最大的争议在于履行约定中的"分拆"时,四季花城80%股权转让所产生的中国税务责任的分配,而在这一点上,被申请人的立场是得到仲裁庭支持的。

在考虑了本案综合情况后,被申请人主张,在本案中,除仲裁庭已决定需要某一方承担的费用外(如第一申请人2016年要求修订状书所产生的费用应由第一申请人承担),仲裁庭应裁定各方当事人各自承担其产生的仲裁费用。

退一步及替代地,如果仲裁庭认为应就仲裁费用做出其他裁定,那么,被申请人主张,在本案中,由于申请人之间的矛盾等原因导致程序的时间和成本显著增加,被申请人不应承担以下费用:(1)仲裁庭已决定由第一申请人承担的费用;(2)申请人重复代理的相关费用;(3)处理申请人之间矛盾而产生的费用;(4)被申请人获支持事项(包括申请人对替补仲裁员的反对和质疑,申请人解释、更正和补充裁决等)所产生的费用。这些费用应由申请人承担。详见附录一(被申请人相关事宜律师费用总结)。

关于利息,被申请人认为其不需支付利息。退一步及替代地,如果仲裁庭认为被申请人需就第三期付款支付利息,被申请人认为需支付利息的本金应按本文第57段中所述金额计算,利息期间和利率应按第59-65段做相应调整和计算。"

ASIA-DOCS\10768653.6

45. 被申请人引述《仲裁规则》第 36.1 条、《香港仲裁条例》（香港法律第 609 张）第 74（2）条、《仲裁规则》第 36.4 条、第 36.5 条并认为，"败诉方承担费用"（costs follows the event）原则并非是仲裁庭分派仲裁费用的唯一途径。其他具有指引性的原则包括仲裁庭在"参酌案件情况后决定何等费用是合理"的，行使自由裁量权来裁定费用的分摊。

46. 被申请人也引述了两宗英国判例：**In re Elgindata Ltd (No. 2)** [1992] 1 WLR 1207 和 **AEI Rediffusion Music Ltd v. Phonographic Performance Ltd** [1999] 1 WLR 1507, pp. 1523-1524.

47. 被申请人认为，如 **AEI Rediffusion Music Ltd v Phonographic Performance Ltd** 一案的分析，仲裁庭在裁定费用分配时，不应过分强调某方是最终赢家而不区分好的观点和坏的观点，或不关心他们是否会造成过高的费用。相反，仲裁庭应该从整体考虑费用产生的合理性。当事人如产生不合理的时间和费用，导致程序的长度或成本显着增加，则其可能被剥夺全部或部分费用，而且需支付其他当事人的全部或部分的费用。

48. 被申请人指出，在本案程序中采取的立场是合理的。一直以来，被申请人的立场都是愿意履行《4.28 协议》，同意要求各方按《4.28 协议》条款的约定去推进各事项，只是各方对于《4.28 协议》条款（主要是"分拆"的一些步骤和各方责任理解）理解有分歧，需要仲裁庭的指示。在本案中，虽然仲裁庭裁定被申请人方违约，最终

的命令是要求各方按《4.28 协议》条款的约定去推进各事项，这与被申请人主张实质上是一致的。从股权对价、现金对价、债务清结、物业互换这四项争议具体分析：

(1)    对于股权对价，这可以从以下三点体现。第一，本案最大的争议在于四季花城 80%股权转让所产生的中国税务责任的分配。正是在这一点上的分歧，导致了各方整个"分拆"程序的延误，这也是各方纠纷的导火索。而在这一点上，被申请人的立场得到了仲裁庭的支持：《最终裁决》第 232 段和 233 段表明，按照《4.28 协议》第 2.2.1（4）（a）条的规定，如果四季花城股权转让需要定一个价格，相关税费也应由申请人负担，且应从被申请人需支付的现金对价中扣除。更进一步，仲裁庭在《对仲裁裁决书的解释、更正、补充裁决》中也支持了被申请人的立场，即同意《最终裁决》第 232 段和 233 段已经对此问题做出了清楚的表述，因此不需要做出更正或补充。第二，虽然在股权转让的责任认定上仲裁庭认定被申请人违约，但是仲裁庭给出的命令与被申请人的主张不矛盾。仲裁庭要求各方按协议约定推进转让，这也是被申请人希望的结果（特别考虑到在对方多年运营中可能存在的法律风险和税务风险）。第三，从《最终裁决》第 5 项命令的履行情况可见，股权转让的完成确实需要各方配合。申请人的不配合导致这项股权转让难以推进。这支持了也印证了被申请人在仲裁过程中提出的观点：股权对价履行的前提是必须有申请人配合，但申请人不愿意配合被申

19

请人履行相关事项。因此,关于股权转让这部分仲裁费用,申请人方与被申请人方应各自承担。

(2) 对于现金对价,仲裁庭《最终裁决》第 8 项命令清楚表明各方应在完成股权转让、物业互换、债务清洁等事项后,再按《4.28 协议》第 2.2.1(4)(a)条和《最终裁决》232(4)和233 段进行调整(包括扣除税费)后才支付。被申请人一直以来的立场是在第三期付款先决条件全部满足的前提下,被申请人同意支付调整后的第三期付款。可见,被申请人的立场是合理的,各方最终履行现金对价的步骤如被申请人所要求的,需要满足先决条件并进行调整。

(3) 对于债务清结,申请人的诉求并未得到仲裁庭的全部认可。有争议的六项中,有两项仲裁庭支持了被申请方的主张(如柯铮光和徐宏标 2009 年 1-11 月工资费用应返还第一被申请人;被申请人不需要为绿洲投资及其下属公司使用四季花城资金及未付给申请人的往来款支付利息),有两项仲裁庭认为超出其管辖权不予受理。

(4) 对于物业互换这一问题上,被申请人并不反对物业互换,仅是认为别墅不符合约定。仲裁庭虽然裁定别墅符合约定,但是,在《最终裁决》第 1 和 2 项命令裁定九亭商铺和别墅相关文件的签署均在同一时间,与被申请人的要求一致。仲裁庭要求被申请方支付的租金损失的数额(10,346,211 元),也比申请人

20

在 2017 年 7 月 11 日《第二申请人之结案陈词》附件一中提出的较高的金额有所降低。

49. 反观，两位申请人在本案中的很多立场和费用不合理。具体分析如下：

   (1) 虽然两位最终采取了一致立场，但是，自 2015 年两位申请人产生矛盾，第二申请人单独聘用律师和大律师，积极参与了本案审理，而且各方花费了大量时间和精力处理两位申请人之间的矛盾。这实质上将本仲裁案从两方纠纷变为了三方纠纷。

   (2) 另外，申请人在本案中还多次采取了不合理的立场，例如，申请人坚持要求仲裁庭替代法院委任张女士作为柯先生遗产代表人、第一申请人提出"剔除第二申请人，并将其遗产转为第五被申请人"要求，但要求遭第二申请人反对，并在香港高等法院委任第二申请人遗产代表人之后依然进行挑战等等。这些立场无法律依据，没有得到仲裁庭的支持，也浪费了各方和仲裁庭的大量时间和精力。

   (3) 综上分析，在本案中，"合理"的结果是各方应各自承担其仲裁费用。

50. 除此以外，被申请人还提出替代主张，即：如果仲裁庭认为应就仲裁费用做出其他裁定，那么，在本案中，因为申请人之间的矛盾等原因导致程序的时间和成本显著增加，被申请人不应承担以下费用：

ASIA-DOCS\10768653.6

(1) 仲裁庭已经决定应由某一方承担或保留分派决定的费用；

(2) 因两位申请人使用重复代理所产生的不合理、不必要费用；

(3) 因申请人之间矛盾而产生的费用；

(4) 裁决的结果中被申请人胜诉或预期要求一致事项所产生的相关费用。

51. 针对上述四大项，被申请人提供了其处理每一项的费用，同时也要求仲裁庭裁定仲裁庭的相关费用数额。

52. 就利息问题，被申请人指出，各方当事人并未在 4.28 协议或重组协议中就利息问题做出约定。

53. 在此背景下，根据《香港仲裁条例》第 79.1 条，仲裁庭就利息问题事项有充分裁量权的。被申请人也引述了香港《高等法院条例》（香港法律第 4 章），主张这一原则在香港民事诉讼案中同样适用。被申请人也引述了两宗英国判例：**Business Computers Ltd v. Anglo-African Leasing Ltd** [1977] 1 WLR 578 和 **Claymore Services Limited v. Nautilus Properties Limited** [2007] EWHC 805 (TCC).

54. 被申请人认为，基于以下原因，仲裁庭应裁定被申请人不需要向申请人支付利息：

(1) "分拆"的对价中，除现金对价的第三期付款外，其他对价申请人已经获得经济利益。

22

(2)　　《4.28 协议》规定第三期付款有先决条件。各方不争议该等条件尚未成熟。仲裁庭《最终裁决》第 8 项命令也表明各方应在完成股权转让、物业互换、债务清洁等事项后，并按《4.28 协议》第 2.2.1 (4) (a) 条和《最终裁决》232 (4) 和 233 段进行调整（包括扣除税费）后才应支付。

55. 在 2010 年 5 月 4 日和 2011 年 6 月 27 日，被申请人已经支付了现金对价 2.5 亿人民币中的 1 亿人民币；

56. 虽然四季花城和九亭商铺的拥有权尚未正式转让，但申请人已经在享有其经济利益。而且在签署《4.28 协议》之前已经把四季花城的控制权全面交予申请人，及通过委托书将商铺交与申请人管理。四季花城旗下的半岛君望别墅的开发和销售所得的利润，全归申请人所有。根据第二申请人的遗产代理人柯小姐庭上所述，该别墅届时已经售出 29 套，四季花城/申请人获取了至少 10 亿人民币的销售总额。而且，仲裁庭已经裁定被申请人向申请人支付商铺租金损失的数额。

57. 相反地，被申请人至今尚未获得别墅的所有权或者搬入别墅，无从使用该别墅或者实现其经济价值。相反，申请人却实际掌握着部分九亭商铺，并从中获得益处。显然，这与当事人互换的初衷不符，对被申请人不公。而且，两幢别墅的市场价总和约为 9417 万人民币（估值时点为 2016 年 9 月 30 日），庭审时柯烨颖小姐表明商铺的价

23

值超出 1 亿元人民币。徐宏标先生在盘问时也表示别墅的价值比商铺低很多。

58. 因申请人两方之间的矛盾和冲突等种种原因导致本仲裁程序延迟。责任不在被申请人，因此，被申请人不应因此受惩罚。

59. 退一步和替代地，如果仲裁庭认为被申请人应就第三期付款支付利息，被申请人认为须支付利息的本金应该是人民币 22,289,896 元，利息期间应做以下相应调整，二期利率应按香港银行公会港元利息结算利率（HKAB HKD Interest Settlement Rates)（又称"香港银行同业拆息（HIBOR)"）+2%作为计算基础。

60. 就利息本金的计算，首先，被申请人认为，需支付申请人共计利息的本金应该是人民币 22,289,896 元（即 1.5 亿-4122.4613 万-312.7591 万-4206.64 万-2629.15 万- 1500 万)。原因如下：

　(1) 根据《4.28 协议》第 2.1 条约定，最终结算金额应从 1.5 亿人民币扣除申请人承担的历史遗留往来款人民币 4100 余万元。鉴于各方对此数额无争议且仲裁庭支持了这一观点，4122.4613 万人民币在最终结算款中应予以扣除。

　(2) 3,127,591.77 元为柯铮光和徐宏标 2009 年 1-11 月工资费用，仲裁庭支持了被申请人的立场，并裁定四季花城（申请人）应支付给第一被申请人该等金额，因此，该金额应从此本金中扣除。

　(3) 根据四季花城 2009 年度会计报表反映的净资产和别墅项目可能产生的盈利框算，绿庭置业持有的四季花城 80%股权转让所

24

得应交所得税金额约 4206.64 万元（各方专家同意，依《企业所得税法》及其实施条例，按适用于非居民企业的特别税率，即股权转让所得的 10%计算企业所得税）；绿庭科创持有的四季花城 20%股权转让所得应交所得税金额约 2629.15 万元（居民企业转让按 25%的税率计算）。

(4)   被申请人于 2016 年 1 月 29 日已通过关联方代四季花城向升远支付人民币 1500 万。被申请人和第二申请人都同意这 1500 万人民币"应按《往来款预付协定》的约定视为第一被申请人已代四季花城预先偿付往来款 1500 万"，可以冲抵往来款。就此事项，虽然仲裁庭认为"此款项是否可以冲抵人民币 4122.4613 万的往来款问题"这一问题不在仲裁庭的管辖权之内，但并未否定该金额已支付。因此，该款项本应从利息计算的本金中扣除。

(5)   《4.28 协议》第 2.1.2 条明确表示 3000 万元是"有条件支付的""一次性额外补偿"，支付条件为"绿洲投资股份回购对价支付已经完成且双方对此无重大争议"。而各方在《4.28》协议履行中就对价支付产生重大争议且股权回购对价支付始终未完成，故不应将该额外补偿 3000 万元纳入利息计算范围。

61.   就利息计算适用期间及适用利率，被申请人认为应当被适当的调整，原因如下：

(1) 起始日为 2013 年 1 月 1 日，截至日为 2018 年 3 月 7 日，约为 62 个月。该期间日期应扣除非被申请人原因导致的仲裁程序暂停期间。

(2) 第二申请人柯先生于 2013 年 12 月不幸逝世。自 2014 年 1 月至 2015 年 4 月程序因等待香港高等法院的遗产代理人委任而暂停，而 2015 年 4 月至 8 月及 2016 年 1-7 月期间，两位申请人产生矛盾，第一申请人尝试剔除第二申请人，并对第二申请人之遗产管理人的资格进行了质疑，导致了程序的延迟。该期间的延误非被申请人导致，被申请人认为该期间（共 26 个月）不应列入利息计算期间。所以，总共计算利息的期间应为 36 个月（即: 62 个月减掉 26 个月）。

62. 针对利率，基于上文第 51-56 段的分析，仲裁庭也应行使裁量权，裁定合理的利率。被申请人主张，本案中合理的利率为相应时期的香港银行公会港元利息结算率 HKAB HKD Interest Settlement Rates) (又称作 "香港银行同业拆息（HIBOR）" )+2%。这在香港的案例中也有采用的先例:

(1) 在 Waddington Ltd v Chan Chun Hoo Thomas & ORS (No 2)一案中，法庭认为香港的利率在过去的十年或是更长的时间中，都稳定地处于较低的水平，因而没有采用传统的利率（最优惠利率+1%）来计算判决前利息。最终，法庭在该案中采用了 2.5%的利率来计算利息。

ASIA-DOCS\10768653.6

(2) 更进一步，在 Tadjudin Sunny v Bank of America, NA (No 2) 一案中，法庭在裁量计算判决前利息应适用的利率时指出："多年以来，香港处于持续低利率的环境中，资金供应充足。储蓄率和固定存款率都低得离谱。在这样的环境下，最优惠利率似乎已经失宠。香港银行同业拆息（特别是 12 个月期）似乎更能反映货币市场状况，以及作为评估货币成本的更现实的指数。它被用作大量借贷的基本利率。许多抵押贷款和商业贷款的利息以香港银行同业拆息加上表示有或没有基于最优惠利率加或减去的上限。这个固定的百分比确定是谈判的结果，取决于借款人的议价能力，贷款规模和货币市场状况。"鉴于此考虑，法庭最终采用 2.85%（即是 12 月期的香港银行同业拆息 0.85% 加上 2% 的利率来计算利息。

63. 就裁决下达至今所产生的利息，被申请人认为被申请人不应承担。原因如下：

(1) 在仲裁裁决执行阶段，因为两位申请人多次提出矛盾指示，或是两位申请人实际控制的四季花城拒绝配合提供相关必要文件或进行配合（如申请人至今未履行命令 4 提供四季花城的审计报告），导致被申请人实际上无法推进《最终裁决》的执行。故此期间利息不应由被申请人承担。

64.    裁决做出后两位申请人的矛盾指示可参见 2018 年 10 月 29 日被申请人给仲裁庭的信函中的总结。被申请人梳理各命令目前的履行情况如下：

(1)    有关《最终裁决》第 1 项命令：（1）第二申请人于 2018 年 9 月 11 日指定上海青玄企业管理咨询有限公司受让九亭商铺 50% 的权益；这与《最终裁决》第 1 项命令的规定也不同。对此，第一申请人未表明其是否同意或反对。（2）2018 年 9 月 19 日，第一申请人将之前其指定的九亭商铺受让人（即上海景签文化发展有限公司），变更为第一申请人徐宏标本人，理由是商铺所有权在具体操作上不能由两个或两个以上的法人公司共同拥有。对此，第二申请人未表明其是否同意或反对。但至今，被申请人至今未收到两申请人共同指定的九亭商铺受让人，或是两位申请人确认如何进行分割商铺。在这种情况下，被申请人无法进行九亭商铺的转让。

(2)    有关《最终裁决》第 2 项命令，仲裁庭按照各方达成的共识对此做出了修正。目前申请人尚未将别墅转让被申请人。

(3)    有关《最终裁决》第 3 项命令，第一申请人于 2018 年 5 月 25 日致函被申请人称："第一申请人的四季花城财务个人印章被非法废除，令第一申请人不能监察四季花城财务状况，所以第一申请人郑重要求被申请人只可在申请人方共同向被申请人方提供了一个第一申请人与第二申请人共同监管的四季花城银行

28

*账户后，才可将裁决第 3 项命令之对账款支付至该共同监管之四季花城账户……若被申请人不经第一申请人的同意向第二申请人提供的账户支付，第一申请人表明保留追责被申请人的权利。"* [增加强调] 第二申请人不同意此等主张。至今，被申请人也未收到两申请人达成共识的四季花城账户信息或进一步的指示。

(4)    有关《最终裁决》第 4 项命令，根据被申请人的了解，申请人至今未履行该命令提供四季花城的审计报告。

(5)    有关《最终裁决》第 5、6 和 7 项命令，第一申请人在 2018 年 5 月至 10 月多次致函被申请人，要求四季花城股权转让必须在四季花城变更董事会成员及法定代表人、总经理后才能执行。为此，第一申请人反复要求被申请人变更四季花城的治理结构和管理人员（尽管被申请人早在约八年前已将四季花城的控制权交由两申请人）。2018 年 5 月至 9 月，第二申请人则多次对于第一申请人提出的先变更四季花城董事及法定代表人的提议表示反对。可见，四季花城股权转让无法推进，是两申请人意见指令不一且两申请人与四季花城未及时履行配合义务所致。

(6)    有关《最终裁决》第 8 项命令，命令本身清晰表明该款项的支付在第 1-6 项命令履行后的 4 周内，因此尚未履行。

(7)    有关《最终裁决》第 9 项命令，被申请人已支付金额的 50% 给第一申请人。尽管被申请人多次要求第二申请人提供有效的境

内人民币账户。然而，第二申请人始终拒绝提供中国境内人民币账户。

**E.** **第一申请人的回复陈述**

65. 在第一申请人的回复陈述中，其采纳了第二申请人有关胜诉方应该得到仲裁费用的概括陈述，并否定被申请人要求各自承担仲裁费用的主张。

66. 第一申请人主张，更重要的是被申请人所指出某些得到仲裁庭的认可及支持的主张，事实上都不是导致并引发本仲裁启动的主要因素。《裁决书》第271段及第274段述明仲裁庭最终裁定被申请人明显违反了4.28协议的第2.3.1、2.3.2及2.3.3条的合同义务，因而被申请人是违约方。相反，仲裁庭并未有就被申请人指出申请人的所谓不配合或没有给认同的主张裁定该些行为为违约。第一申请人认为，就这个一面倒的结果，唯一的合理裁决必然是由被申请人承担仲裁费用的败诉后果。

67. 就被申请人的交替主张的四个要点(见上文第50段)，第一申请人对于每点的回复如下:-

(1) 关于仲裁庭已经决定应由某一方承担或保留分派决定的费用

第一申请人并不反对应维持仲裁庭已颁下由第一申请人承担费用的相关命令的这个基本主张；第一申请人同意没有任何原因最终裁决的结果会推翻或导致需要重新处理就中间申请已颁下

的仲裁费用命令。相反，第一申请人反对被申请人应获得仲裁庭之前就第二申请人遗产管理人申请所产生的费用判令保留的讼费。该次申请是第二申请人的遗产最终加入本仲裁的前奏，应该与后续申请及关连事项一并处理。

(2) 关于因申请人使用重复代理导致的费用

第一申请人方及其法律团队打从一开始就仲裁申索的立场和主张都因最终裁决得到了确认；任何所谓重复费用必然只可以针对第二申请人在仲裁展开后才另聘法律团队所衍生的代理费。因此第一申请人认为其一方的仲裁费用应该由被申请人全部承担。如上述，第一申请人对于第二申请人法律团队是否应同时得到仲裁费用保持中立，但无论如何此举已得到仲裁庭批准，不能够因而影响第一申请人持续聘用开庭同一法律团队处理整个仲裁本身所需要花的仲裁费用。如需要的话，第一申请人交替地指出，第一申请人跟第二申请人去世前一直是互信及没有任何矛盾，第一申请人的法律团队最初亦得到第二申请人的委托因而代表申请人方展开仲裁，第二申请人的不幸去世并非第一申请人的意愿，第二申请人的遗孀和女儿的不合作及对于第一申请人的不信任也不是第一申请人的控制范围之内，在整件事情的发展中第一申请人的处理手法并无任何不妥而需要为此付上任何责任。

(3) 关于为处理申请人之间矛盾而产生的费用

31

关于第二申请人在仲裁展开后才另聘法律团队一事，就申请人方的各个相关申请，被申请人只表明立场中立或不反对，实质上无需，亦未有参与其中，谈不上需特别花费仲裁费用。第一申请人反对其需要支付被申请人就此题所谓的费用。

(4) <u>关于仲裁裁决中被申请人胜诉或与其要求一致事项所产生相关费用</u>

此议题主要分为三事项。（i）就替换仲裁员一事，此实为仲裁程序问题。第一申请人对于其中一名仲裁员于颁下最终裁决后离职处于被动，其主张的反对基础亦有依据。第一申请人认为恰当的仲裁费用判令为归于案中。（ii）就解释、更正、补充裁决的申请，仲裁庭确实接受部分申请人方的要求，亦确认申请本身的需要；相反，被申请人每项反对的立场才是令申请变得繁复的主要因素。第一申请人同样认为恰当的仲裁费用判令为归于案中。（iii）最后，第一申请人同样重复以上陈述以反驳被申请人所谓得到仲裁庭的认可及支持而各申请人应各自承担费用的主张。被申请人并未能提出任何特别原因致使仲裁庭应分拆这些个别主张的仲裁费用。

68. 关于第二申请人就部分中间程序的仲裁费用的主张，第一申请人的基本立场是既然当初第二申请人坚持要与第一申请人共同以申请人方的身份继续参与本仲裁，原则上便是放弃了追索第一申请人仲裁

32

费用的权利。第一申请人也逐一驳斥了第二申请人就中间程序费用的索求。

F.   《第二申请人讼费与利息回复陈述》

69.   第二申请人在其回复陈述中的重点为:

(1)   被申请人所援引的有关讼费原则的案例（即 **AEI Rediffusion Music Ltd v. Phonographic Performance Ltd**）根本不适用于本案，因为该案例是关于英国知识产权局行使法律赋予的特别裁量权，香港有明确案例指出 **Rediffusion** 一案中所谈及的特别裁量权在普通民事商业纠纷中并不适用;

(2)   被申请人有关他们在本仲裁中采取的立场是合理的主张，根本与事实不符。从各方在仲裁中所提出的证据和陈词以及最终裁决可见，被申请人一直对 4.28 协议中有关股权对价、债务清结和审计报告等各方面的重要事项均提出异议，而他们的论点和证供均不被仲裁庭接纳;

(3)   被申请人指第一和第二申请人由于其相互的矛盾和分期聘用律师团队代表，导致产生额外讼费，这些费用应由申请人自行承担。这论点完全忽略了仲裁庭就第一和第二申请人分别聘用律师一事已作出适当的命令。在作出该命令之前和之后，被申请人均未提出过反对。因此，被申请人现在其败诉后才用上述原因要求申请人自行承担讼费，实对申请人严重不公，也和他们一直以来的立场自相矛盾。此外，第二申请人在其讼费与利

33

ASIA-DOCS\10768653.6

息陈述中，已清楚说明了其在其律师代表下，一直致力向仲裁庭提供合理、有效和适切的协助，其论点和证据均为仲裁庭采纳，因此理应获得讼费；

(4)　在利息问题上，基于被申请人拒绝履行 4.28 协议，申请人一直未能享用他们在协议下应得的款项及权益，被申请人作为败诉方，无可置疑应向申请人支付利息以赔偿申请人的损失。

70.　第二申请人在其回复陈述的其他部分展开上面四个重点的讨论，仲裁庭详细看过，就无需赘述了。

**G.　《被申请人仲裁费用与利息问题的回复陈述》**

71.　在被申请人的回复陈述中，其重点是：

(1)　第一申请人未遵从仲裁庭的指令提交讼费清单作为其仲裁费用的证据，使得仲裁庭无法评估其讼费的合理性。显而易见的是，第一申请人主张的 2800 万的金额至少未扣除仲裁庭已经裁定应由其承担的费用，可见其主张是不合理的。因此，仲裁庭应驳回第一申请人的讼费主张，支持被申请人的主张裁定各方当事人各自承担其产生的仲裁费用。

(2)　退一步而替代地，若仲裁庭认为应就仲裁费用做出其他裁定，那么，被申请人主张，在本案中，由于申请人之间的矛盾等原因导致程序的时间和成本显着增加，被申请人不应承担以下费用：

(i)　仲裁庭已决定由第一申请人承担的费用；

34

(ii)　第一申请人处理申请人之间矛盾而产生的费用；

(iii)　第一申请人在被申请人获支持事项（包括申请人对替补仲裁员的反对和质疑，申请人解释、更正和补充裁决等）所产生的费用；及

(iv)　在第二申请人另行聘请代理人之前阶段所产生讼费的一半

72.　对于第一申请人的利息主张，基于《被申请人仲裁费用与利息问题的陈述》第51-55段的原因，被申请人主张不应支持利息。退一步，如果仲裁庭认为被申请人需就第三期付款支付利息，则（1）计算利息的本金应调整为人民币 22,289,896 元，（2）该利息应为单利（利率为 HKBOR＋2%），且（3）其适用期间应为 36 个月。

73.　对于《第二申请人之讼费和利息陈述》，被申请人认为：

(1)　第一，对于第二申请人的讼费主张，被申请人认为第二申请人聘请代理人是缺乏必要性的，第二申请人无权要求被申请人承担该等费用。

(2)　退一步讲，即便第二申请人聘请代理人存在必要性和/或合理性（被申请人否认），被申请人也不应承担所有由此而产生的全部讼费。仲裁庭应考虑假定两位申请人只聘用一个代理人的情况下该代理人可能产生额外的讼费，而仅支持该部分的额外讼费（例如，参考 Eric Edward 案，支持第二申请人合理产生的讼费的10%）。

ASIA-DOCS\10768653.6

(3) 第二，就第二申请人的计息主张（特别是复利的主张），被申请人认为该主张不应得到支持。因《被申请人仲裁费用与利息问题的陈述》第 51-55 段所述之原因，被申请人主张仲裁庭应裁定被申请人不需向申请人支付利息。

(4) 再退一步，如果仲裁庭认为被申请人需就第三期付款支付利息，利息也不应按第二申请人主张的复利来计算。如果仲裁庭认为被申请人需就第三期付款支付利息，则（1）计算利息的本金应调整为人民币 22,289,896 元，（2）该利息应为单利（利率为 HKBOR＋2%），且（3）其适用期间应为 36 个月。

**H.    仲裁庭的分析与理由**

**仲裁费用的分摊**

74.   就仲裁费和利息问题上，当事人各方都做了大量的书面陈述，并且涉及了众多细节和纠纷。仲裁庭认为，若以微观的方式来处理仲裁费和利息问题，可能会造成不公。仲裁庭认为，比较合适以及公平的做法是从宏观的方向来决定仲裁费用如何分摊以及利息问题。

75.   仲裁庭认为，第二申请人以及被申请人把中间程序逐条列出并要求仲裁庭确认其的中间程序产生的费用及命令分摊其所产生的费用的主张不切实际。

76.   从宏观角度而言，仲裁庭把仲裁费用归纳为以下三种：

(1)    仲裁庭的费用

(2)    HKIAC 的费用；以及

36

    (3)    各方当事人的律师费（含事务律师及大律师的费用）。

77.    仲裁庭参阅了各方的陈述后以及援引的判例后，认为在仲裁费用问题上，有下列几个原则适用于本案，即：

    (1)    仲裁庭具有高度的裁量权决定讼费如何分摊；

    (2)    该裁量权的行使必须是符合法律公义的而不是任意或武断的；

    (3)    一般而言，败诉方必须承担胜诉方的讼费。不能单单因为胜诉方提出的某些主张没有获得支持而被剥夺获得讼费的权利。

78.    在本案中，虽然在个别问题上，被申请人的主张得到仲裁庭的支持（例如：柯铮光和徐宏标 2009 年 1-11 月工资费用的问题、绿洲投资及其下属贵司占用四季花城资金所产生的利息；控股股东未付款项的利息问题），但整体而言，被申请人是败诉了。

79.    因此，仲裁庭认为，被申请人应当承担申请人的讼费。

80.    但是，仲裁庭还得进一步考虑被申请人是否应该承担一个或者是两个申请人的仲裁费的问题。

81.    在香港法下，一般的法律原则是，如果一件案子中有共同原告，在没有利益冲突和意见分歧的情况下，共同原告应由同一法律代理人代理。见：**Lewis v. Daily Telegraph (No 2)** [1964] 2 QB 601、**Ong v. Ping** [2015] 6 Costs LR 997。在本案中，第一申请人和第二申请人分别由不同的律师事务所（及大律师）代表。这其中的原委已经在最终裁决（仲裁费与利息除外）中阐述和说明过了。

ASIA-DOCS\10768653.6

82. 仲裁庭是在该背景下允许让两名申请人聘请不同的律师的。当时，第二申请人的立场是其代表律师是以旁听的方式参加开庭的。不过，在实际开庭时，第二申请人的律师却完全以全程参与开庭工作参与庭审。不仅如此，第二申请人在开庭时采取的立场与第一申请人委实没有实质性的区别，实际上原先所表明的双方不能聘请同一家律师事务所的理由已不复存在。

83. 另外，第二申请人在开庭时对案子采取的立场在很大程度上与第一申请人的立场无异。

84. 考虑到以上这些因素，仲裁庭认为，要求被申请人承担两个申请人的律师费是不合适及不合理的。仲裁庭也认为，第一申请人与第二申请人的律师团队的工作有大部分是具有重叠性的。

85. 因此，一个较公平的做法是对第一申请人和第二申请人的律师费给与合适的折扣。综合考虑后，仲裁庭认为一个合理的折扣率是六折。换句话说，被申请人只需承担第一申请人 60%的律师费以及第二申请人 60%的律师费。

86. 至于仲裁庭和 HKIAC 的费用，并不涉及像律师费般的重叠问题。不过，仲裁庭考虑到这某些中间程序的申请中，仲裁庭命令申请人须承担被申请人的费用。综合考虑后，仲裁庭认为被申请人须承担仲裁庭和 HKIAC 的费用总数的 80%，而第一和第二申请人须承担仲裁庭和 HKIAC 的费用 20%。

87. 上述第 81 至 83 段不仅反映了讼费分摊的大原则，同时也反映了仲裁庭先前对于某些申请作出的费用分摊的个别指令。

38

88. 至于律师费金额，第一申请人在《第一申请人的讼费与利息陈述》中，仅提出了 HK$28,000,000 的总金额，但并未提供任何细节或证据支撑。之后，在其回复陈述中，提供了附件一，但附件一仅仅列出了各项费用，但并未附上账单或其他证据。

89. 有鉴于此，仲裁庭无从判断第一申请人所报的该总金额是否合理。仲裁庭只能借鉴第二申请人的律师费来做评估。第二申请人的律师费（含大律师费）的总额为 HK$13,177,356.20。若以第二申请人所提供的律师费金额来判断的话，则第一申请人的律师费似乎是多出了第二申请人的律师费的一倍。尽管第一申请人的律师比第二申请人的律师早介入这起仲裁，但仲裁庭认为也不应该超出一倍。

90. 以较保守的估计，仲裁庭评估第一申请人合理的律师费不应超过 HK$15,000,000.

91. 以此类推，被申请人应承担的第一和第二申请人的律师费分别为：HK$9,000,000 及 HK$7,800,000。

92. 第二申请人还提出另一个主张，即：第一申请人必须承担第二申请人在某些问题上的仲裁费，见上文第 35 段。仲裁庭认为，这些问题的产生主要的原因是柯铮光先生在仲裁启动后的不幸逝世，之后其遗孀及女儿与第一申请人徐宏标在案子的处理上产生了分歧。究竟责任应该归哪一方，仲裁庭无足够证据判断（同时，该问题也与本案的涉案问题无关），因此不支持第二申请人的该主张。

**利息**

93. 在利息问题上，各方有以下的分歧：

   (1)   本金的计算；

   (2)   期间的计算；

   (3)   利率问题；

   (4)   单利或是复利。

94. 就本金而言，第一申请人主张应该是人民币 1.5 亿元。

95. 第二申请人则主张 1.5 亿元减 41,244,613.21 元再加 30,000,000 元）和第 9 项命令（人民币 10,346,211 元）分别的二分之一所产生的利息。以第二申请人主张的计算方式，得出人民币 149,101,597.79 元的二分之一，即是：人民币 74,550,798.89 元。

96. 被申请人的主张是本金应为人民币 22,289,896 元（参照上文第 56 段）。

97. 仲裁庭认为除了扣除 41,244,613.21 元(申请人应承担的历史遗留往来款的无争议数额)及 3,127,591.77 元（柯铮光和徐宏标先生 2009 年 1- 11 月工资费用），被申请人所主张应被扣除的其余的数额以及 30,000,000 元不应纳入利息计算范围均不能支持。

98. 因此，本金的金额应为人民币 149,101,597.79 元减除人民币 3,127,591.77 元 = 人民币 145,974,006 元。

99. 就利息的期间，第一申请人的主张是从 2012 年 12 月 31 日至实际支付日的期间支付利息。

100. 就利息的期间，第二申请人主张应当为 4.28 协议下履行期限届满之日至仲裁庭做出裁决之日。针对第 8 项命令而言，根据 4.28 协议 2.2.1（3）条的规定，应当从 2012 年 12 月 31 日开始计算，并截止到最终裁决之日 2018 年 2 月 28 日。针对第 9 项命令而言，应当从 2017 年 8 月 8 日开始计算，并截止到最终裁决之日 2018 年 2 月 28 日。

101. 被申请人的主张主张的期间则是 36 个月（见上文第 58 段）。

102. 仲裁庭认为被申请人的期间计算方式合理并采纳。

103. 就利率问题，仲裁庭认为最合适的利率为香港汇丰最优惠贷款利率加 1%。该利率适用于仲裁裁决前、以及仲裁裁决后直至被申请人付清款项。计算利息的本金金额为人民币 145,974,006 元。在仲裁条例第 80（1）条下，须就仲裁庭判给的款项支付利息，利息由裁决的日期起计，利率则为判定利率，但如该裁决另有规定则除外。这意味着，仲裁庭可以酌情不按判定利率（目前为 8%年利率）来厘定判给的款项该支付的利息。在此案中，考虑到从裁决之日到此仲裁费与利息的最终裁决时间比较长，仲裁庭决定一个比较合理的做法应该是采纳香港汇丰最优惠贷款利率加 1%，作为仲裁裁决后直至被申请人付清款项的适用利率。

104. 就利息应该以单利或复利计算，第二申请人的主张是应该以复利计算。仲裁庭认为，除非存在特殊情况，否则不应用复利方式计算利息。而在此案中并无特殊情况存在，因此仲裁庭对第二申请人的主张不予以支持。

41

ASIA-DOCS\10768653.6

**I.** *仲裁庭就仲裁费及利息的命令*

105. 仲裁庭作出如下命令:

106. 被申请人须向第一申请人支付 9,000,000 港元的律师费及 4,961,030 港元的仲裁费（含仲裁庭的费用及 HKIAC 的费用）。

107. 被申请人须向第二申请人支付 7,800,000 港元的律师费及 4,961,030 港元的仲裁费（含仲裁庭的费用及 HKIAC 的费用）。

108. 就仲裁庭在最终裁决（仲裁费及利息除外）中的第 8 及 9 道命令，被申请人须支付利息。利息计算的方式为：本金人民币 145,974,006 元乘于香港汇丰最优惠贷款利率加 1%的单利。

109. 各方当事人的其他诉求均驳回。

于 2020 年 3 月 16 日颁布

仲裁地：香港

ASIA-DOCS\10768653.6

————————————————

黄旭伦资深大律师

仲裁员

王雪华先生

仲裁员

————————————————

杨炎龙先生

首席仲裁员代表仲裁庭



**Authenticated by HKIAC**
on _____ 2 9 JUL 2020



43