# EXHIBIT E

<u>根据《2008 香港国际仲裁中心机构仲裁规则》进行之仲裁</u>
<u>案号：HKIAC／A13028</u>

| | |
|---|---|
| 徐宏标 | 第一申请人 |
| 柯铮光之遗产 | 第二申请人 |
| | （合称"申请人"） |

及

| | |
|---|---|
| 绿洲投资集团有限公司<br>(Oasis Investment Group Limited) | 第一被申请人 |
| 俞乃奋 (Yu Stephany Naifen) | 第二被申请人 |
| 俞乃雯 (Yu Naiwen) | 第三被申请人 |
| 俞乃筠 (Yu Naijun) | 第四被申请人 |
| | （合称"被申请人"） |

仲裁庭就《被申请人关于更正/解释
"就仲裁费与利息的最终裁决"的申请》的决定

1.  仲裁庭于 2018 年 2 月 28 日颁布了《最终裁决（利息与仲裁费除外）》（"《最终裁决》"）。

2.  仲裁庭于 2020 年 3 月 16 日颁布了《就仲裁费与利息的最终裁决》（"《费用裁决》"）。

3. 被申请人于 2020 年 4 月 15 日提交了《被申请人关于更正/解释"就仲裁费与利息的最终裁决"的申请》("《**申请**》")。

4. 在《申请》中,被申请人提及香港国际仲裁中心 2020 年 3 月 10 日及 2020 年 3 月 17 日的电邮以及仲裁庭落款日期为 2020 年 3 月 16 日的《费用裁决》,并确认于 2020 年 3 月 17 日通过邮件收到《费用裁决》。

5. 仲裁庭于 2020 年 4 月 15 日确认收到《被申请人关于更正/解释"就仲裁费与利息的最终裁决"的申请》及其附件。依据《2008 香港国际仲裁中心机构仲裁规则》第 33.1 条,仲裁庭要求第一申请人、第二申请人不晚于 2020 年 5 月 15 日就被申请人的该申请向仲裁庭提供意见。

6. 第一申请人于 2020 年 5 月 13 日提交了其回复。

7. 第二申请人于 2020 年 5 月 15 日提交了其回复。

8. 在未经仲裁庭批准的情况下,被申请人于 2020 年 5 月 26 日对第一申请人和第二申请人的回复做了回应。

9. 同日,第一申请人反对仲裁庭考虑被申请人的回应。

10. 第二申请人于 2020 年 5 月 27 日反对仲裁庭考虑被申请人的回应。

11. 仲裁庭于 2020 年 5 月 29 日告知各方其拟在其就《申请》作出的决定中对是否接受被申请人 5 月 26 日的回应的问题一并考虑，因此各方无需就该问题再作进一步的辩论。

**<u>初步问题：仲裁庭是否该考虑被申请人 2020 年 5 月 26 日的邮件内容?</u>**

12. 针对此问题，仲裁庭认为应该把被申请人 2020 年 5 月 26 日的邮件分为两个部分来讨论：第一部分是被申请人回应第一申请人和第二申请人的回复意见；第二部分则是被申请人就《费用裁决》第 108 段提出的新的请求（见被申请人 5 月 26 日邮件的第 7 点）。

13. 就第一部分，仲裁庭认为其享有允许被申请人对第一和第二申请人的意见作出回应的裁量权。由于《申请》是被申请人提请的，按香港法一般的仲裁程序，申请方具有最后的发言权。虽然被申请人未正式向仲裁庭提起回应的申请，但是考虑上述原则，仲裁庭可以酌情处理。

14. 至于第二部分，仲裁庭认为被申请人的请求已超出仲裁规则第 33.1 条下的时限，因此不予以考虑。

15. 未免疑异，仲裁庭考虑了被申请人 5 月 26 日的回应（除了第 7 点之外）后，认为对仲裁庭就《申请》的决定没有实质性的影响。

3

### 《申请》的内容

16. 《申请》分为两部分：

    (一) 请求仲裁庭更正《费用裁决》第 106 段和 107 段的指令；

    (二) 请求仲裁庭更正和/或解释《费用裁决》第 108 段的计息期间。

### (一) 请求仲裁庭更正《费用裁决》第 106 段和 107 段的指令

17. 被申请人请求仲裁庭将《费用裁决》第 106 段【原文："被申请人须向第一申请人支付 9,000,000 港元的律师费及 4,961,030 港币的仲裁费（含仲裁庭的费用及 HKIAC 的费用）"】更正为"被申请人须向第一申请人支付 7,800,000 港币的律师费及 1,377,978.55 港币的仲裁费（含仲裁庭的费用及 HKIAC 的费用）。"

18. 被申请人请求仲裁庭将《费用裁决》第 107 段【原文："被申请人须向第二申请人支付 7,800,000 港元的律师费及 4,961,030 港币的仲裁费（含仲裁庭的费用及 HKIAC 的费用）"】更正为："被申请人须向第二申请人支付 6,599,822 港币的律师费及 1,377,978.55 港币的仲裁费（含仲裁庭的费用及 HKIAC 的费用）。"

### 被申请人提出的理由

19. 被申请人的理由主要为：仲裁庭于《费用裁决》第 82-92 段中阐述了仲裁庭就律师费分担的分析和裁定。被申请人认为，仲裁庭就第一

4

申请人和第二申请人的律师费分摊存在计算错误,即:错误地将仲裁费计入了第二申请人的律师费中(也导致了重复分摊仲裁费的问题)。

### 第一申请人于 2020 年 5 月 13 日的回复意见

20. 第一申请人的意见:根据《费用裁决》第 106 段的判令,仲裁庭判给第一申请人的总仲裁费用约为港币 14,000,000 元,不到第一申请人所主张金额约港币 28,200,000 元的一半,即少于 50%,这个判定金额与《费用裁决》第 85 段"被申请人只需承担第一申请人 60%的律师费"及第 86 段"仲裁庭认为被申请人须承担仲裁庭和 HKIAC 的费用总数的 80%"的判定绝对是相符及一致的并无任何矛盾抵触之处,而且仲裁庭在判词中多次强调仲裁庭就费用及利息的判定是"从宏观的方向"运用"高度的裁量权"为原则,而根据以上所引述之仲裁庭在判词中作出的分析和理由仲裁庭在行使该裁量权时明显地是符合法律公义的而不是任意或武断的,因此不存在"计算错误、任何笔误或打印错误或任何类似性质的错误"。

### 第二申请人于 2020 年 5 月 15 日的回复意见

21. 第二申请人的意见:第二申请人原则上不反对被申请人对于《费用裁决》第 106 段和 107 段的更正请求。但是第二申请人指出,被申请人完全可以及应该先就上述更正请求与申请人进行讨论,征求申请人同意,而不必大费周章、在完全没有事先通知第二申请人的情况下向仲裁庭做出详细的更正申请,造成不必要的费用。

22. 第二申请人也说，仲裁庭在《费用裁决》第 77 段明确指出仲裁庭做出裁定所依据的原则之一是"仲裁庭具有高度的裁量权决定讼费如何分摊"，因此，如果仲裁庭同意第一申请人的主张，驳回被申请人对于《费用裁决》第 106 段 107 段的申请，仲裁庭就仲裁费用的决定符合仲裁庭行使高度裁量权的原则。

**仲裁庭的决定**

23. 首先，仲裁庭注意到第二申请人原则上不反对被申请人对于《费用裁决》第 106 段和 107 段的更正请求。不过，由于《费用裁决》第 106 段的内容是跟第一申请人挂钩，而《费用裁决》第 107 段才是跟第二申请人的费用挂钩的，因此第二申请人的原则上同意并不能约束第一申请人（即：《费用裁决》第 106 段）。而第一申请人就《费用裁决》关于更正第 106 段的申请是持反对意见的。

24. 接着，仲裁庭考虑了被申请人在《申请》的第 9 段中的陈词。内容如下：

    "9. 被申请人认为，仲裁庭就第一申请人和第二申请人的律师费分摊存在以下计算错误：

    9.1 仲裁庭错误地将仲裁费计入了第二申请人的律师费中（也导致了重复分摊仲裁费的问题）。《费用裁决》第 30 段列举了第二申请人在仲裁中的所有费用明细，总金额为 HK$13,177,356.20，这其中既包括了律师费，也包括了香港国际仲裁中心费用 41,120.50 港币和仲裁庭费用

6

2,136,542.52 港币。仲裁庭在计算第二申请人律师费时未将香港国际仲裁中心费用 41,120.50 港币和仲裁庭费用 2,136,542.52 港币从第二申请人提交的费用总额中予以扣减。扣减上述两项仲裁费用后，第二申请人主张的律师费应为 10,999,703 港币。鉴于仲裁庭裁定被申请人只需承担第二申请人 60%的律师费，故被申请人需承担第二申请人的律师费为：6,599,822 港币（10,999,703 港币*60%=6,599,822 港币）。

9.2 相应的，仲裁庭用来类推第一申请人的合理律师费的基础（即第二申请人律师费）有误，从而导致对于被申请人应分摊的第一申请人的律师费计算有误。从《费用裁决》第 88-90 段中可以看到，仲裁庭在估算第一申请人律师费时是以第二申请人律师费为基准的。仲裁庭以第二申请人律师费 13,177,356.20 港币为基础估算出的第一申请人合理律师费为 15,000,000 港币。鉴于第二申请人的律师费实际需修正为 10,999,703 港币（约 217 万港币的降幅），按仲裁庭估算方法，第一申请人的律师费应同比下降至 13,000,000 港币（200 万港币的降幅）。因此，被申请人应分摊的第一申请人律师费为 7,800,000 港币（13,000,000 港币*60%=7,800,000 港币）。"

25. 仲裁庭同意被申请人在《申请》9.1 段中的陈词，即：仲裁庭在计算第二申请人律师费时未从第二申请人提交的费用总额中扣除香港国

7

际仲裁中心费用 41,120.50 港币和仲裁庭费用 2,136,542.52 港币。扣减上述两项仲裁费用后，第二申请人主张的律师费应为 10,999,703 港币。鉴于仲裁庭裁定被申请人只需承担第二申请人 60%的律师费，故被申请人需承担第二申请人的律师费为：6,599,822 港币（10,999,703 港币*60%=6,599,822 港币）。

26. 不过，仲裁庭不接受被申请人在《申请》9.2 段中的陈词。虽然在评估第一申请人的合理律师费的过程中，仲裁庭有考虑到第二申请人的律师费，但是仲裁庭是从宏观的方向和运用其裁量权达到其结论的，而非在第二申请人的律师费的基础上以固定的方程式来计算第一申请人的合理律师费的。

27. 另外，仲裁庭也同意被申请人在《申请》的第 12、13、14 段的陈词。内容如下：

    "12. 从 HKIAC 日期为 2020 年 3 月 9 日的仲裁庭和 HKIAC 费用明细表 可以看到，截至此日，仲裁费总金额是 9,922,059.51 港币（包括 HKIAC 的费用 164,252.80 港币、已发生的仲裁庭费用 9,711,566.71 港币和待支付的王仲裁员费用 46,240 港币），四舍五入取整后该总额即为 9,922,060 港币。同时，该明细表最后一行第四列也清楚的表明被申请人已经支付了上述仲裁费总金额中的 5,181,690.90 港币。

    13. 基于《费用裁决》第 86 段，被申请人需承担的仲裁庭和 HKIAC 的费用（即总仲裁费）的 80%，即 7,937,648 港币

8

（9,922,060 港币 * 80% = 7,937,648 港币）。因此，在做出支付命令时，仲裁庭需要扣减被申请人已经自行支付的仲裁费，即 5,181,690.90 港币。因此，被申请人需要向两位申请人支付的仲裁费总数为 2,755,957.1 港币（7,937,648 港币-5,181,690.90 港币＝2,755,957.1 港币）。换言之，被申请人分别要向第一申请人和第二申请人支付 1,377,978.55 港币的仲裁庭。

14. 根据《费用裁决》第 106 段和 107 段：仲裁庭命令被申请人分别向第一申请人和第二申请人支付 4,961,030 港币的仲裁费，即共计 9,922,060 港币。该金额没有扣除被申请人已经自行支付的仲裁费金额。可见，仲裁庭指令的仲裁费分摊金额计算出现错误。"

28. 因此，仲裁庭只能部分支持被申请人对《费用裁决》第 106 段的申请，即：仲裁庭只将更正被申请人应付第一申请人的仲裁费，而不需更正被申请人应付第一申请人的律师费。

29. 至于被申请人对《费用裁决》第 107 段的申请，由于第二申请人原则上不反对，仲裁庭予以支持。

（二）**请求仲裁庭更正和/或解释《费用裁决》第108段的计息期间**

30. 被申请人请求仲裁庭将《费用裁决》第 108 段【原文："就仲裁庭在最终裁决（仲裁费及利息除外）中的第 8 及 9 道命令，被申请人须支付利息。利息计算方式为：本金人民币 145,974,006 元乘于香港汇丰最优惠利率加 1%的单利"】更正和/或解释为：

9

> "就仲裁庭在最终裁决（仲裁费及利息除外）中的第 8 及 9 道命令，被申请人须支付利息。利息计算方式为：(i) 本金 135,627,795 人民币乘于香港汇丰最优惠利率加 1%的单利再乘于 36 个月的计息期间，加 (ii) 本金 10,346,211 人民币乘于香港汇丰最优惠利率加1%的单利再乘于 204 天的计息期间（2017 年 8 月 8 日至 2018 年 2 月 28 日）。"

### 被申请人提出的理由

31. 被申请人提出的理由包含在其《申请》的第 22 段中。被申请人认为，《费用裁决》第 108 段语言令人产生歧义，误认为整个人民币 145,974,006 元适用的利息期间为 36 个月。该歧义与仲裁庭的本意（体现在《费用裁决》的如下段落）不符。

32. 以下为被申请人在《申请》的第 22.1-22.6 段把该主张细化的陈词：

    "22.1  首先，仲裁庭在《费用裁决》第 98 段提供了第 8 道命令和第 9 道命令在计算利息时的相关本金金额，即"本金金额应为人民币 149,101,597.79 元减除人民币 3,127,591.77 元＝人民币 145,974,006 元"。

    22.2  与此同时，就本金金额的计算，仲裁庭是以第二申请人主张的金额为基准的，即人民币 149,101,597.79 元（详见《费用裁决》第 95 段）。可见，这个金额同时包括了仲裁庭裁定的可计息的与第 8 道命令相关的人民币 135,627,795 元和与第 9 道命令相关的人民币 10,346,211 元。

10

22.3    同时，仲裁庭支持了被申请人的利息期间主张，即 36 个月（详见《费用裁决》的第 101 段）。

22.4    但事实上，与第 9 道命令相关的人民币 10,346,211 元，同与第 8 道命令相关的人民币 135,627,795 元，这两者的计息时间是不相同的。这同第 8 道命令和第 9 道命令的性质不同有关：第 9 道命令是裁定的损害赔偿金，其因《最终裁决》的生效而产生给付效力，而第 8 道命令则为《4.28 协议》项下的契约之债。

22.5    正因如此，仲裁庭的本意应是第 9 道命令相关的赔偿计息时间为 2017 年 8 月 8 日至 2018 年 2 月 28 日，即 204 天（而非 36 个月）。这在《最终裁决》第 303 段便已确认，在《费用裁决》第 100 段亦有阐述。而且，这也是第二申请人自己的主张（见《费用裁决》第 39 段），第二申请人并没有主张第 9 道命令相关的赔偿计息时间为 36 个月，第一申请人也没有就第 9 道命令相关的赔偿主张利息（见《费用裁决》第 19-20 段），所以仲裁庭不可能超出当事人的主张做出裁决。

22.6    被申请人真诚地推测，以上歧义也有可能是因为仲裁庭在计算本金时，误将与第 9 道命令相关的金额加总到了与第 8 道命令相关的金额之中。如果是这样，被申请人恳请仲裁庭予以更正。"

11

### 第一申请人于 2020 年 5 月 13 日提出的回复意见

33. 第一申请人在其书面意见的第 10 段主张，仲裁庭该判令并不存在内容有如何歧义之处，故无需作出如何更正。

### 第二申请人于 2020 年 5 月 15 日提出的回复意见

34. 第二申请人在其书面意见的第 36 段主张如下：仲裁庭就第 8 道命令和第 9 道命令的利息计算问题之决定清楚明确，即利息适用的本金为人民币 145,974,006 元，利率为香港汇丰最优惠贷款利率加 1%的单例，支付主体为被申请人。而利率适用的期间，仲裁庭在第 101-103 段也做出了明确指示：

    "101. 被申请人主张的期间则是 36 个月（见上文第 58 段）。

    102. 仲裁庭认为被申请人的期间计算方式合理并采纳。

    103. 就利率问题，仲裁庭认为最合适的利率为香港汇丰最优惠贷款利率加 1%。该利率适用于仲裁裁决前、以及仲裁裁决后直至被申请人付清款项。"（强调后加）

35. 根据《被申请人仲裁费用及利息问题的陈述》第 61 段，被申请人主张 36 个月的利息计算期间是针对《最终裁决》第 8 道命令。因此，基于对《费用裁决》101-103 段的自然和客观理解，《最终裁决》第 8 道命令裁决做出之前的利息的计算期间为 36 个月。此外，仲裁庭《费用裁决》第 103 段明确指出，被申请人还应当就《最终裁决》第 8 道命令和第 9 道命令就裁决做出后直至被申请人付清款项期间

12

按照香港汇丰最优惠贷款利率加 1%支付利息，上述表述不存在任何可以产生歧义或者不同理解的余地。

36. 因此，被申请人的指出的所谓的歧义以及在 22.6 段的推测明显与仲裁庭原意不符。被申请人提出现在的主张，显然是希望推翻仲裁庭的裁决。

**仲裁庭的决定**

37. 经过仔细及充分考虑了各方的意见之后，仲裁庭认为《费用裁决》第 108 段不存在任何计算错误或者书写错误，或任何理解歧义，且也不存在任何实质错误。但是，仲裁庭同时也考虑到其在《费用裁决》第 100 段中就利息的期间有明确的对《最终裁决》的第 8 项命令和第 9 项命令作出了区分。为了避免任何疑异，仲裁庭可以依据《仲裁规则》第 33.2 条作出适当的解释。仲裁庭认为，若把《费用裁决》的 108 段更正/解释为：

> "就仲裁庭在最终裁决（仲裁费及利息除外）中的第 8 及 9 道命令，被申请人须支付利息。利息计算方式为：(i) 本金 135,627,795 人民币乘于香港汇丰最优惠利率加 1%的单利再乘于 36 个月的计息期间（适用于《最终裁决》的第 8 项命令）；加 (ii) 本金 10,346,211 人民币乘于香港汇丰最优惠利率加 1%的单利再乘于 204 天的计息期间（2017 年 8 月 8 日至 2018 年 2 月 28 日）（适用于《最终裁决》的第项命令）。"

13

将会更清楚的表达仲裁庭的原意并可以避免不必要的误会。有鉴于此，仲裁庭支持被申请人对108段的请求并加了补充字眼。

**申请的费用分配**

38. 仲裁庭注意到：第一申请人和第二申请人主张被申请人应承担第二申请人就处理《申请》所产生的律师费。

39. 第二申请人称：被申请人完全可以及应该先就其提起的更正请求与申请人进行讨论，征求申请人同意，而不必大费周章、在完全没有事先通知第二申请人的情况下向仲裁庭做出详细的更正申请，造成不必要的费用。

40. 仲裁庭认为，《仲裁规则》第33和第34条赋予了"申请人"（在本案中，即被申请人）向仲裁庭申请更正、解释裁决的权利，但这并未施加其需在提出该等申请之前必须与其他当事人进行协商的义务。

41. 由于被申请人的《申请》部分被仲裁庭支持，其余被驳回，因此从宏观的角度考虑，仲裁庭认为各方各自承担其律师费会比较公平。

**总结**

42. 仲裁庭同意将《费用裁决》第 106 段【原文："被申请人须向第一申请人支付 9,000,000 港元的律师费及 4,961,030 港币的仲裁费（含仲裁庭的费用及 HKIAC 的费用）"】<u>更正为</u>：

> "被申请人须向第一申请人支付 9,000,000 港币的律师费及 1,377,978.55 港币的仲裁费（含仲裁庭的费用及 HKIAC 的费用）。"

43. 仲裁庭同意将《费用裁决》第 107 段【原文："被申请人须向第二申请人支付 7,800,000 港元的律师费及 4,961,030 港币的仲裁费（含仲裁庭的费用及 HKIAC 的费用）"】更正为：

> "被申请人须向第二申请人支付 6,599,822 港币的律师费及 1,377,978.55 港币的仲裁费（含仲裁庭的费用及 HKIAC 的费用）。"

44. 仲裁庭同意将《费用裁决》第 108 段【原文："就仲裁庭在最终裁决（仲裁费及利息除外）中的第 8 及 9 道命令，被申请人须支付利息。利息计算方式为：本金人民币 145,974,006 元乘于香港汇丰最优惠利率加 1%的单利"】更正和/或解释为：

> "就仲裁庭在最终裁决（仲裁费及利息除外）中的第 8 及 9 道命令，被申请人须支付利息。利息计算方式为：(i) 本金 135,627,795 人民币乘于香港汇丰最优惠利率加 1%的单利再乘于 36 个月的计息期间（适用于《最终裁决》的第 8 项命令）；加 (ii) 本金 10,346,211 人民币乘于香港汇丰最优惠利率加 1%的单利再乘于 204 天的计息期间（2017 年 8 月 8 日至 2018 年 2 月 28 日）（适用于《最终裁决》的第项命令）。"

日期：2020 年 6 月 26 日

仲裁地：香港

_____  
王雪华  
仲裁员

_____  
黄旭仑  
仲裁员

_____  
杨炎龙  
首席仲裁员





Authenticated by HKIAC  
on 29 JUL 2020

仲裁地：香港

_____   _____
王雪华                    黄旭仑
仲裁员                    仲裁员

_____
杨炎龙
首席仲裁员



Authenticated by HKIAC
on 29 JUL 2020

16

ASIA-DOCS\11043966.2