# EXHIBIT F

**Morningside**
Translations

# TRANSLATION CERTIFICATION

Date: July 31, 2020

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Chinese (PRC)

To:

- English (USA)

The documents are designated as:
- 20200626 A13028 Award on Interpretation and Clarification

Eugene Li, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of Eugene Li

**Global Solutions. Local Expertise.**

**Arbitration in accordance with *Hong Kong International Arbitration Centre Administered Arbitration Rules 2018***
**Case No.: HKIAC/A13028**

Xu Hongbiao                                                                                     the first claimant

Ke  Zhengguang' s estate                                                        the second claimant

(collectively referred to as "claimants")

&

Oasis Investment Group Limited                                              the first respondent

Yu Stephany Naifen                                                             the second respondent

Yu Naiwen                                                                          the third respondent

Yu Naijun                                                                        the fourth respondent

(collectively referred to as "respondents")

---

**Decision of the Arbitral Tribunal on the *Application of the Respondents for Correcting/Explaining "Final Award on Arbitration Fees and Interest"***

1.    The arbitral tribunal issued the *Final Award (Except Interest and Arbitration Fees* ("***Final Award***") on 28 February 2018.

2.    The arbitral tribunal issued the *Final Award on Arbitration Fees and Interest* ("***Fee Award***") on 16 March 2020.

3.    The respondents submitted the *Application of the Respondents for Correcting/Explaining "Final Award on Arbitration Fees and Interest"* ("***Application***") on 15 April 2020.

4.    In the *Application*, the respondents mentioned the emails of Hong Kong International Arbitration Centre dated 10 March 2020 and 17 March 2020 as well as the *Fee Award* of the arbitral tribunal dated 16 March 2020, and confirmed that the *Fee Award* was received in form of an email on 17 March 2020.

5.    The arbitral tribunal confirmed reception of the *Application of the Respondents for Correcting/Explaining "Final Award on Arbitration Fees and Interest"* and annexes

1

thereof on 15 April 2020. In accordance with Article 33.1 of the *Hong Kong International Arbitration Centre Administered Arbitration Rules 2018*, the arbitral tribunal required the first claimant and the second claimant to provide opinions on this application of the respondents to the arbitral tribunal not later than 15 May 2020.

6.   The first claimant submitted a reply on 13 May 2020.

7.   The second claimant submitted a reply on 15 May 2020.

8.   Without the approval of the arbitral tribunal, the respondents responded to the replies of the first claimant and the second claimant on 26 May 2020.

9.   On the same date, the first claimant opposed the arbitral tribunal to consider the response of the respondents.

10.   On 27 May 2020, the second claimant opposed the arbitral tribunal to consider the response of the respondents.

11.   The arbitral tribunal informed the parties on 29 May 2020 that it intends to consider the issue of whether to accept the respondents' response dated May 26 in the decision of the arbitral tribunal on the *Application*, so the parties do not need to debate this issue any further.

**Initial question: Should the arbitral tribunal consider the content of the email of the respondents dated 26 May 2020?**

12.   In response to this question, the arbitral tribunal believes that the email of the respondents dated 26 May 2020 should be divided into two parts to discuss: The first part is the response of the respondents to the reply opinions of the first claimant and the second claimant; the second part is a new request made by the respondents regarding Paragraph 108 of the *Fee Award* (see Point 7 of the email of the respondent dated May 26).

13.   With regard to the first part, the arbitral tribunal believes that it has the discretion to allow the respondents to respond to the opinions of the first and the second claimants. Since the *Application* was filed by the respondents, the applicant has the final say in accordance with the arbitration procedure in Hong Kong law. Although the respondents have not officially filed an application for response to the arbitral tribunal, the arbitral tribunal can handle this issue as appropriate in consideration of the above

2

principles.

14. With regard to the second part, the arbitral tribunal believes that the request of the respondents has exceeded the time limit under Article 33.1 of the *Arbitration Rules* and therefore will not be considered.

15. In order to avoid doubts, the arbitral tribunal considered the response of the respondents dated May 26 (except Point 7), and believed that the response has no substantial impact on the decision of the arbitral tribunal on the *Application*.

### *Content of the Application*

16. The *Application* consists of two parts:

    (I)    Request the arbitral tribunal to correct the instructions in Paragraphs 106 and 107 of the *Fee Award*;

    (II)   Request the arbitral tribunal to correct and/or explain the interest period in Paragraph 108 of the *Fee Award*.

**(I)    Request the arbitral tribunal to correct the instructions in Paragraphs 106 and 107 of the *Fee Award***

17. The respondents request the arbitral tribunal to correct Paragraph 106 of the *Fee Award* [original text: "The respondents must pay the first claimant HK$ 9,000,000 of lawyer fee and HK$ 4,961,030 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC)"] as "*the respondents must pay the first claimant HK$ 7,800,000 of lawyer fee and HK$ 1,377,978.55 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC)."*

18. The respondents request the arbitral tribunal to correct Paragraph 107 of the *Fee Award* [original text: "The respondents must pay the second claimant HK$ 7,800,000 of lawyer fee and HK$ 4,961,030 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC)"] as: "*the respondents must pay the second claimant HK$ 6,599,822 of lawyer fee and HK$ 1,377,978.55 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC)*."

**Reasons of the respondents**

19. The main reason of the respondents: The arbitral tribunal elaborates the analysis and determination of the arbitral tribunal on the sharing of lawyer fees in Paragraphs 82 to

3

92 of the *Fee Award*. The respondents believe that the arbitral tribunal has calculation errors in the sharing of the lawyer fees of the first claimant and the second claimant, that is: the arbitration fee was incorrectly included in the lawyer fee of the second claimant (which also led to the problem of repeated sharing of the arbitration fee).

**Reply opinions of the first claimant on 13 May 2020**

20.  Opinions of the first claimant: According to the award in Paragraph 106 of the *Fee Award*, the total arbitration fee awarded to the first claimant by the arbitral tribunal is approximately HK$ 14,000,000, less than half of the amount claimed by the first claimant, which is approximately HK$ 28,200,000. This judgment amount is absolutely consistent and has no  contradiction and conflict with the judgments in Paragraph 85 of the *Fee Award* "the respondents only need to bear 60% of the lawyer fee of the first claimant" and Paragraph 86 "the arbitral tribunal believes that the respondents must bear 80% of the total fees of the arbitral tribunal and the HKIAC". Moreover, the arbitral tribunal emphasized in the court verdict time and time again that the judgment of the arbitral tribunal on fees and interest applies the principle of "a high degree of discretion" from the "macroscopic direction". According to the analysis and reasons of the arbitral tribunal in the court verdict cited above, the arbitral tribunal is obviously in line with the legal justice rather than arbitrary or dogmatical when exercising this discretion, so there is not "calculation error, any clerical error, printing error or any errors of a similar nature"

**Reply opinions of the second claimant on 15 May 2020**

21.  Opinions of the second claimant: The second claimant has no objection in principle to the request of the respondents for correction of Paragraphs 106 and 107 of the *Fee Award*. However, the second claimant pointed out that the respondents certainly could and should discuss the above correction request with the claimants first and solicit the consent of the claimants in advance rather than took great pains to file a detailed correction application to the arbitral tribunal without prior notice to the second claimant, causing unnecessary expenses.

22.  The second claimant also stated that the arbitral tribunal clearly indicates in Paragraph 77 of the *Fee Award* that one of the principles on which the arbitral tribunal is based when making a decision is "the arbitral tribunal has a high degree of discretion to determine how to share legal costs", so if the arbitral tribunal agrees to the claim of the

first claimant and rejects the application of the respondents regarding Paragraphs 106 and 107 of the *Fee Award*, the decision of the arbitral tribunal on the arbitration fees is in line with the principle of the arbitral tribunal exercising a high degree of discretion.

**Decision of the arbitral tribunal**

23.   First of all, the arbitral tribunal has noticed that the second claimant has no objection in principle to the request of the respondents for correction of Paragraphs 106 and 107 of the *Fee Award*. However, because the content of Paragraph 106 of the *Fee Award* is linked to the first claimant, while Paragraph 107 of the *Fee Award* is linked to the fees of the second claimant, the consent of the second claimant in principle cannot bind on the first claimant (i.e.: Paragraph 106 of the *Fee Award*). The first claimant objects to the application for correction of Paragraph 106 of the *Fee Award*.

24.   Next, the arbitral tribunal considered the statement of the respondents in Paragraph 9 of the *Application*. The content is as follows:

"9.    The respondents think that the arbitral tribunal has the following calculation errors regarding the sharing of the lawyer fees of the first claimant and the second claimant:

9.1    The arbitration fee was incorrectly included in the lawyer fee of the second claimant (which also led to the problem of repeated sharing of the arbitration fee) by the arbitral tribunal. Paragraph 30 of the *Fee Award* lists all the details of the fees of the second claimant in the arbitration and the total amount is HK$ 13,177,356.20, which includes both the lawyer fee, and the Hong Kong International Arbitration Centre fee of HK$ 41,120.50 and the arbitral tribunal fee of HK$ 2,136,542.52. The arbitral tribunal did not deduct the Hong Kong International Arbitration Centre fee of HK$ 41,120.50 and the arbitral tribunal fee of HK$ 2,136,542.52 from the total fee amount submitted by the second claimant when calculating the lawyer fee of the second claimant. After deduction of the above two arbitration fees, the lawyer fee claimed by the second claimant should be HK$ 10,999,703. In view of the arbitral tribunal's decision that the respondents only need to bear 60% of the lawyer fee of the second claimant, the respondents need to bear: 6,599,822 Hong Kong dollars (10,999,703 Hong Kong dollars *60% = 6,599,822 Hong Kong dollars) of

5

the lawyer fee of the second claimant.

9.2   Correspondingly, the basis (i.e., the lawyer fee of the second claimant) that the arbitral tribunal uses to analogize the reasonable lawyer fee of the first claimant is incorrect, resulting in incorrect calculation of the lawyer fee of the first claimant that should be shared by the respondents. It can be seen from Paragraphs 88 to 90 of the *Fee Award* that the arbitral tribunal was based on the lawyer fee of the second claimant when it estimated the lawyer fee of the first claimant. On the basis of HK$ 13,177,356.20 of the lawyer fee of the second claimant, the arbitral tribunal estimated that the reasonable lawyer fee of the first claimant is HK$ 15,000,000. Given that the lawyer fee of the second claimant actually needs to be corrected to HK$ 10,999,703 (a decrease of approximately 2.17 million Hong Kong dollars), the lawyer fee of the first claimant should be reduced to HK$ 13,000,000 (a decrease of 2 million Hong Kong dollars) according to the estimation method of the arbitral tribunal. Therefore, the respondents should share 7,800,000 Hong Kong dollars (13,000,000 Hong Kong dollars * 60% = 7,800,000 Hong Kong dollars) of the lawyer fee of the first claimant."

25.   The arbitral tribunal agrees to the statement of the respondents in Paragraph 9.1 of the *Application*, i.e.: the arbitral tribunal did not deduct the Hong Kong International Arbitration Centre fee of HK$ 41,120.50 and the arbitral tribunal fee of HK$ 2,136,542.52 from the total fee amount submitted by the second claimant when calculating the lawyer fee of the second claimant. After deduction of the above two arbitration fees, the lawyer fee claimed by the second claimant should be HK$ 10,999,703. In view of the arbitral tribunal's decision that the respondents only need to bear 60% of the lawyer fee of the second claimant, the respondents need to bear: 6,599,822 Hong Kong dollars (10,999,703 Hong Kong dollars *60% = 6,599,822 Hong Kong dollars) of the lawyer fee of the second claimant.

26.   However, the arbitral tribunal does not accept the statement of the respondents in Paragraph 9.2 of the *Application*. Although the arbitral tribunal considered the lawyer fee of the second claimant in the process of evaluating the reasonable lawyer fee of the first claimant, the arbitral tribunal reached its conclusion from the macroscopic

ASIA-DOCS\11043966.2

direction and the use of its discretion, rather than calculated the reasonable lawyer fee of the first claimant by a fixed equation on the basis of the lawyer fee of the second claimant.

27.   In addition, the arbitral tribunal also agrees to the statements of the respondents in Paragraphs 12, 13 and 14 of the *Application*. The content is as follows:

"12.   From the arbitral tribunal and HKIAC fee schedule of HKIAC dated 9 March 2020, it can be seen that up till this date, the total amount of arbitration fees is HK$ 9,922,059.51 (including HK$ 164,252.80 of the HKIAC fee, HK$ 9,711,566.71 of the arbitral tribunal fee incurred and HK$ 46,240 of fees to be paid to Arbitrator Wang). After rounding, the total amount is HK$ 9,922,060. At the same time, the fourth column of the last row of the schedule also clearly shows that the respondents have paid HK$ 5,181,690.90 in the total amount of the above arbitration fees.

13.   Based on Paragraph 86 of the *Fee Award*, the respondents need to bear 80% of the arbitral tribunal and HKIAC fees (i.e., total arbitration fee), i.e., 7,937,648 Hong Kong dollars (9,922,060 Hong Kong dollars * 80%＝7,937,648 Hong Kong dollars). Therefore, when issuing a payment order, the arbitral tribunal needs to deduct the arbitration fee that has been paid by the respondents, i.e., HK$ 5,181,690.90.  Therefore, the total amount of arbitration fees that the respondents need to pay to the two claimants is 2,755,957.1 Hong Kong dollars (7,937,648 Hong Kong dollars - 5,181,690.90 Hong Kong dollars = 2,755,957.1 Hong Kong dollars). In other words, the respondents need to pay the first claimant and the second claimant HK$ 1,377,978.55 of arbitration fees respectively.

14.   According to Paragraphs 106 and 107 of the *Fee Award*: The arbitral tribunal ordered the respondents to pay the first claimant and the second claimant HK$ 4,961,030 of arbitration fees respectively, in total of HK$ 9,922,060. This amount is not deducted by the amount of arbitration fees that has already been paid by the respondents. It can be seen that the instruction of the arbitral tribunal has an error in the calculation of the shared amount of arbitration fees."

28.   Therefore, the arbitral tribunal can only partially support respondents' application regarding Paragraph 106 of the *Fee Award*, that is: the arbitral tribunal will only

7

ASIA-DOCS\11043966.2

correct the arbitration fee of the first claimant payable by the respondents, and does not need to correct the lawyer fee of the first claimant payable by the respondents.

29.   As for the application of the respondents regarding Paragraph 107 of the *Fee Award*, since the second claimant has no objection to it in principle, the arbitral tribunal supports it.

**(II)   Request the arbitral tribunal to correct and/or explain the interest period in Paragraph 108 of the *Fee Award***

30.   The respondents request the arbitral tribunal to correct and/or explain Paragraph 108 of the *Fee Award* [original text: "According to the 8th and 9th orders of the arbitral tribunal in the *Final Award (Except Interest and Arbitration fees)*, the respondents must pay interest. The calculation method of the interest is: RMB 145,974,006 of the principal $\times$ simple interest (HSBC prime rate + 1%)"] as:

"According to the 8th and 9th orders of the arbitral tribunal in the *Final Award (Except Interest and Arbitration fees)*, the respondents must pay interest. The calculation method of the interest is:  (i) RMB 135,627,795 of the principal $\times$ simple interest (HSBC prime rate + 1%) $\times$ 36 months of interest period , +  (ii) RMB 10,346,211 of the principal $\times$ simple interest (HSBC prime rate + 1%) $\times$ 204 days of interest period (from 8 August 2017 to 28 February 2018)."

**Reasons of the respondents**

31.   The reasons provided by the respondents are included in Paragraph 22 of the *Application*. The respondents believe that the language in Paragraph 108 of the *Fee Award* is ambiguous, and is misunderstood that the interest period applicable to the entire RMB 145,974,006 is 36 months. This ambiguity is inconsistent with the original intention of the arbitral tribunal (as reflected in the following paragraph of the *Fee Award*).

32.   The following is the statement of the respondent, which refines this claim in Paragraphs 22.1 to 22.6 of the *Application*:

"22.1 Firstly, the arbitral tribunal provides the relevant principal amount for interest calculation of the 8th and 9th orders in Paragraph 98 of the *Fee Award*, i.e., "the principal amount should be RMB 149,101,597.79 - RMB 3,127,591.77 = RMB

145,974,006".

22.2   At the same time, regarding the calculation of the principal amount, the arbitral tribunal is based on the amount claimed by the second claimant, which is RMB 149,101,597.79 (see Paragraph 95 of the *Fee Award* for details).  It can be seen that this amount includes both RMB 135,627,795 related to the 8th order and RMB 10,346,211 related to the 9th order, which are interest bearable and determined by the arbitral tribunal.

22.3   At the same time, the arbitral tribunal supports the claim of the respondents for the interest period, which is 36 months (see Paragraph 101 of the *Fee Award* for details).

22.4   But in fact, the RMB 10,346,211 related to the 9th order and the RMB 135,627,795 related to the 8th order are different in the interest calculation time. It is relevant to the different natures of the 8th and 9th orders: The 9th order is the award of damages, which becomes effective after the *Final Award* comes into force, and the 8th order is the Obligatio ex contractu under the *4.28 Agreement*.

22.5   Because of this, the original intention of the arbitral tribunal should be that the interest-bearing time of compensation related to the 9th order is from 8 August 2017 to 28 February 2018, which is 204 days (not 36 months). This has been confirmed in Paragraph 303 of the *Final Award* and also explained in Paragraph 100 of the *Fee Award*. Moreover, it is the own claim of the second claimant (see Paragraph 39 of the *Fee Award*), the second claimant does not claim that the interest-bearing time of compensation related to the 9th order is 36 months, and neither does the first claimant claim for interest of the compensation related to the 9th order (see Paragraphs 19 to 20 of the *Fee Award*), so it is impossible for the arbitral tribunal to make a ruling beyond the claims of the parties.

22.6   The respondents sincerely speculate that the above ambiguity may be because the arbitral tribunal, when calculating the principal, mistakenly added up the amount related to the 9th order to the amount related to the 8th order. If so, the respondents request the arbitral tribunal to correct it."

**Reply opinions raised by the first claimant on 13 May 2020**

33.   The first claimant claims in Paragraph 10 of his written opinion that the award of the

9

arbitral tribunal does not have any ambiguity in the content, so no correction is needed.

**Reply opinions raised by the second claimant on 15 May 2020**

34.   The second claimant claims in Paragraph 36 of his written opinion as follows: The decision of the arbitral tribunal on interest calculation in the 8th order and 9th order is clear and definite, that is, the principal applicable to interest is RMB 145,974,006 and the interest rate is the simple interest (HSBC prime rate + 1%) and the payer is the respondents. As for the period that the interest rate is applicable to, the arbitral tribunal has given clear instructions in Paragraphs 101 to 103:

   "101.   The period that the respondents claim is 36 months (see Paragraph 58 above).

   102.   The arbitral tribunal believes that the period calculation method of the respondents is reasonable and adopted.

   103.   With regard to the interest rate, the arbitral tribunal believes that the most suitable interest rate is HSBC prime rate + 1%. This interest rate applies to before and after issuance of the arbitral award until the respondents have settled all payments." (Emphasize an addition)

35.   According to Paragraph 61 of the *Statement of the Respondents on Issues Concerning Arbitration fees and Interest*,  the claim of the respondents for a 36-month interest period is specific to the 8th order of the *Final Award*. Therefore, based on the natural and objective understanding on Paragraphs 101 to 103 of the *Fee Award*, the interest period before issuance of the 8th order of the *Final Award* is 36 months. In addition, Paragraph 103 of the *Fee Award* of the arbitral tribunal definitely specifies that the respondents shall also pay interest at HSBC prime rate + 1% after the award is issued in the 8th and 9th orders of the *Final Award* until the respondents have settled all payments. The above statement does not have any room for ambiguity or different understandings.

36.   Therefore, the so-called ambiguity pointed out by the respondents and the speculation in Paragraph 22.6 are obviously inconsistent with the original intention of the arbitral tribunal. The respondents raised the current claim, apparently hoping to overturn the award of the arbitral tribunal.

**Decision of the arbitral tribunal**

ASIA-DOCS\11043966.2

37.     After careful and full consideration of the opinions of all the parties, the arbitral tribunal believes that Paragraph 108 of the *Fee Award* does not have any calculation error, or clerical error, or any understanding ambiguity, or any substantive error. However, the arbitral tribunal also considers that it clearly distinguishes the 8th order and the 9th order of the *Fee Award* regarding the interest period in Paragraph 100 of the *Fee Award*. In order to avoid any doubt, the arbitral tribunal can make appropriate explanation in accordance with Article 33.2 of the *Arbitration Rules*. The arbitral tribunal believes that if Paragraph 108 of the *Fee Award* is corrected/explained as:

"According to the 8th and 9th orders of the arbitral tribunal in the *Final Award (Except Interest and Arbitration Fees)*, the respondents must pay interest. The calculation method of the interest is:  (i) RMB 135,627,795 of the principal $\times$ simple interest (HSBC prime rate + 1%) $\times$ 36 months of interest period (applicable to the 8th order of the *Final Award*); + (ii) RMB 10,346,211 of the principal $\times$ simple interest (HSBC prime rate + 1%) $\times$ 204 days of interest period (from 8 August 2017 to 28 February 2018) (applicable to the order of the *Final Award*)."

it will express the original intention of the arbitral tribunal more clearly and avoid unnecessary misunderstanding. In view of this, the arbitral tribunal supports the request of the respondent regarding Paragraph 108 and adds supplementary words.

## Fee allocation of the application

38.     The arbitral tribunal has noticed that the first claimant and the second claimant claimed that the respondents should bear the lawyer fee incurred to the second claimant in dealing with the *Application*.

39.     The second claimant stated that: the respondents certainly could and should discuss the above correction request with the claimants first and solicit the consent of the claimants in advance rather than took great pains to file a detailed correction application to the arbitral tribunal without prior notice to the second claimant, causing unnecessary expenses.

40.     The arbitral tribunal believes that Articles 33 and 34 of the *Arbitration Rules* grant "the applicant" (i.e., the respondents in this case) the right to apply to the arbitral tribunal for correction and explanation of the award, but this does not impose an obligation of consulting with other parties before such application on the respondents.

11

41.   The *Application* of the respondents is partially supported by the arbitral tribunal, and the rest is rejected, so from a macroscopic perspective, the arbitral tribunal believes that it is fair for each party to bear their respective lawyer fees.

**Conclusion**

42.   The arbitral tribunal agrees to correct Paragraph 106 of the *Fee Award* [original text: "The respondents must pay the first claimant HK$ 9,000,000 of lawyer fee and HK$ 4,961,030 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC)"] <u>as</u>:

**"The respondents must pay the first claimant HK$ 9,000,000 of lawyer fee and HK$ 1,377,978.55 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC)."**

43.   The arbitral tribunal agrees to correct Paragraph 107 of the *Fee Award* [original text: "The respondents must pay the second claimant HK$ 7,800,000 of lawyer fee and HK$ 4,961,030 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC)"] <u>as</u>:

**"The respondents must pay the second claimant HK$ 6,599,822 of lawyer fee and HK$ 1,377,978.55 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC)."**

44.   The arbitral tribunal agrees to correct and/or explain Paragraph 108 of the *Fee Award* [original text: "According to the 8th and 9th orders of the arbitral tribunal in the *Final Award (Except Interest and Arbitration fees)*, the respondents must pay interest. The calculation method of the interest is: RMB 145,974,006 of the principal $\times$ simple interest (HSBC prime rate + 1%)"] as:

"According to the 8th and 9th orders of the arbitral tribunal in the *Final Award (Except Interest and Arbitration fees)*, the respondents must pay interest. The calculation method of the interest is:  (i) RMB 135,627,795 of the principal $\times$ simple interest (HSBC prime rate + 1%) $\times$ 36 months of interest period (applicable to the 8th order of the *Final Award*); + (ii) RMB 10,346,211 of the principal $\times$ simple interest (HSBC prime rate + 1%) $\times$ 204 days of interest period (from 8 August 2017 to 28 February 2018) (applicable to the   order of the *Final Award)*."

12

Date: 26 June 2020

13

ASIA-DOCS\11043966.2

Seat of arbitration: Hong Kong

[Signature] [Wang Xuehua]

| | |
|---|---|
| Wang Xuehua | Huang Xulun |
| Arbitrator | Arbitrator |

Yang Yanlong

Chief Arbitrator

[Seal: HONG KONG INTERNATIONAL ARBITRATION CENTRE]

14

Seat of arbitration: Hong Kong

[Signature] [Illegible]

| | |
|---|---|
| Wang Xuehua | Huang Xulun |
| Arbitrator | Arbitrator |

[Signature] [Illegible]

Arbitrator

Chief Arbitrator

[Seal: HONG KONG INTERNATIONAL ARBITRATION CENTRE]

11

ASIA-DOCS\11043966.2