# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

ESTATE OF KE ZHENGGUANG,

                              Petitioner,

—*against*—

YU NAIFEN STEPHANY
(a/k/a/ STEPHANY YU,
a/k/a/ STEPHANY NAIFEN YU
a/k/a/ STEPHANY N. DOMBROWSKI),

                              Respondent.

8:20-cv-2260-PWG

## ANSWER

Respondent, by her attorneys, Steptoe & Johnson, LLP, as and for her Answer to the Petition, states as follows:

1. This is a proceeding to recognize and enforce a foreign arbitral award pursuant to the Convention on the Enforcement and Recognition of Foreign Arbitral Awards (the "New York Convention), as implemented by Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C § 201 (the "Federal Arbitration Act").

**ANSWER:** Respondent admits that this is a proceeding under the New York Convention, as alleged in Paragraph 1 of the Petition, but denies that Petitioner is entitled to relief under the New York Convention.

2. On March 16, 2020, a Final Arbitration Award on Fees and Interest arising out of a commercial arbitration agreement was rendered in favor of Petitioner and against Respondent (the "March 2020 Fees and Interest Award") in Hong Kong by a Hong Kong International Arbitration Center tribunal (the "Tribunal"). Respondent subsequently submitted an application to the Tribunal seeking to modify that award. On June 26, 2020, the Tribunal issued a decision (the "June 2020 Decision") modifying the March 2020 Fees and Interest Award.[1]

---

[1] In November 2018, Petitioner filed an action in this Court to enforce a final award on the merits that was issued by the same tribunal in February 2018. *See Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.). On February 24, 2020, this Court issued a Memorandum Opinion granting Petitioner's request to recognize and enforce that award. *See id*. (ECF. No. 53).

**ANSWER:** Respondent admits that the arbitral tribunal issued an award on March 16, 2020, and also issued a decision on Respondent's motion to clarify the award on June 26, 2020, as alleged in Paragraph 2 of the Petition. Respondent denies that the decision was "in favor of Petitioner and against Respondent," and refers the Court to those rulings for a true and complete recitation of their contents.

3. Petitioner seeks an order from this Court under § 207 of the Federal Arbitration Act recognizing and confirming the March 2020 Fees and Interests Award and the June 2020 Decision, and entry of judgment thereon pursuant to 9 U.S.C. § 13.

**ANSWER:** Respondent admits that Petitioner is "seek[ing]" the relief set forth in Paragraph 3 of the Petition, but denies that the relief is appropriate and further denies that the relief Petitioner seeks here is consistent with the awards referenced or with federal law.

4. Petitioner is the Hong Kong-domiciled Estate of Ke Zhenguang (referred to as the "Second Claimant" in the March 2020 Fees and Interests Award). The Administrators of the Hong Kong-domiciled Estate of Ke Zhenguang are Mdm. Zhang Yuejin (widow to Mr. Ke Zhenguang) and Mdm. Ke Yeying (daughter of Mr. Ke Zhenguang).

**ANSWER:** Respondent admits that the Petitioner purports to be "the Hong Kong-domiciled Estate Ke Zhenguang," but otherwise denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of the Petition.

5. Respondent Yu Naifen Stephany (a/k/a Stephany Yu, a/k/a Stephany Naifen Yu, a/k/a Stephany N. Dombrowski) is, upon information and belief, a U.S. citizen who resides at 15400 River Road, Germantown, Maryland 20874. Ms. Yu ("Respondent") is referred to as the "Second Respondent" in the March 2020 Fees and Interests Award.

**ANSWER:** Respondent admits the allegations in Paragraph 5 of the Petition.

6. This Court has subject-matter jurisdiction over this action pursuant to 9 U.S.C. § 203, since this proceeding seeks recognition and enforcement of a foreign arbitral award that falls under the New York Convention.

**ANSWER:** Paragraph 6 of the Petition states a legal conclusion as to which no response is required.

7. This Court has personal jurisdiction over the Respondent, since the Respondent is a resident of Maryland.

**ANSWER:** Paragraph 7 of the Petition states a legal conclusion as to which no response is required.

8. Venue is proper under 9 U.S.C. § 204 and 28 U.S.C § 1391(b)(1) since the Respondent is a resident of the District of Maryland and/or under 28 U.S.C § 1391(b)(3) because Respondent is subject to this Court's personal jurisdiction.

**ANSWER:** Paragraph 8 of the Petition states a legal conclusion as to which no response is required.

9. The March 2020 Fees and Interests Award and the June 2020 Decision stem from disputes that arose under an agreement between certain parties including Mr. Ke Zhengguang and Respondent entitled "Agreement on the Implementation of 'The Preliminary Share Restructuring Agreement,'" executed on April 28, 2010 (the "4.28.10 Agreement").

**ANSWER:** Respondent admits the underlying arbitration concerns the contract referred to as the "4.28.20 Agreement" but otherwise denies the allegations in Paragraph 9 of the Petition.

10. The 4.28.10 Agreement provides as follows, at Article 4.2:

> Any conflicts, disputes and claims resulted from this agreement or related to this agreement, breach of contract, termination of contract and void of contract (hereafter referred to as "disputes") shall be dealt with through amicable negotiations by all Parties. If negotiation fails, any Party is entitled to submit the dispute to the Hong Kong International Arbitration Centre for arbitration. The arbitration is to be conducted in Chinese. The arbitration tribunal is to consist of three arbitrators. Oasis Investment and the Controlling Shareholders are entitled to nominate one arbitrator, the Non-controlling Shareholders are entitled to nominate another arbitrator, and the third arbitrator, who will be the chief arbitrator, is to be nominated by the Chairperson of the Hong Kong International Arbitration Centre. The outcome of arbitration is final and binding on all Parties.

**ANSWER:** Respondent admits that, as alleged in Paragraph 10 of the Petition, the 4.28.10 Agreement provides for disputes to be revolved via arbitration in Hong Kong, and respectfully refers the Court to the 4.28.10 Agreement for a true and complete recitation of its terms.

11. On February 22, 2013, a Notice of Arbitration was filed with the HKIAC to resolve certain disputes that arose under the 4.28.10 Agreement.

**ANSWER:** Respondent admits the allegations in Paragraph 11 of the Petition.

12. After Mr. Zhengguang died in late 2013, Mdms. Zhang Yuejin and Ke Yeying were given approval by the High Court of Hong Kong to participate in the arbitration as the Hong-Kong-domiciled Estate of Ke Zhengguang. Mr. Zhengguang's separate, PRC-domiciled Estate was not permitted to join the arbitration.

**ANSWER:** Respondent denies knowledge or information to form a belief as to what the High Court of Hong Kong decided with respect to the Estate, and otherwise denies the allegations in Paragraph 12 of the Petition.

13. On February 28, 2018, the Tribunal issued a final award on the merits (the "2018 Final Award"). The 2018 Final Award did not address issues related to attorneys' fees, costs, or interest.

**ANSWER:** Respondent admits the allegations in Paragraph 13 of the Petition.

14. In November 2018, Petitioner filed an action in this Court to enforce the 2018 Final Award. *See Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.).

**ANSWER:** Respondent admits the allegations in Paragraph 14 of the Petition.

15. On December 19, 2018, the arbitral tribunal issued an award (the "December 2018 Clarification Award") clarifying the 2018 Final Award:

**ANSWER:** Respondent admits the allegations in Paragraph 15 of the Petition.

16. On March 4, 2019, Petitioner filed an amended petition seeking enforcement of the 2018 Final Award as clarified by the 2018 Clarification Award.

**ANSWER:** Respondent admits the allegations in Paragraph 16 of the Petition.

17. On February 24, 2020, this Court issued a Memorandum Opinion granting Petitioner's request to recognize and enforce the 2018 Final Award. *See id*. (ECF. No. 53). In its opinion, the Court directed the parties to submit an agreed proposed judgment, or a letter addressing any disputes related to the exchange rate and pre- and post-judgment interest (*Id*. at 20).

**ANSWER:** Respondent respectfully refers to the Court to the Memorandum Opinion cited in Paragraph 17 of the Petition for a true and complete recitation of its contents.

18. The parties reached agreement on the exchange rate and post-judgment interest, but could not reach agreement on the availability of post-award, prejudgment interest or the applicable interest rate. On March 13, 2020, Petitioner and Respondent submitted separate letters to the Court detailing their respective positions on these issues, together with proposed final judgments. As of the date of this Petition, the Court had not issued a final judgment.

**ANSWER**: Respondent admits that the parties submitted separate letters to the Court in March 2020 concerning the form of judgment, and that the Court has not yet issued a final judgment. Otherwise, the allegations in Paragraph 18 of the Petition are denied.

19. On March 16, 2020, the Tribunal issued the March 2020 Fees and Interests Award. Paragraphs 107 and 108 of the award provide for an award of attorney's fees, costs, and interest to Petitioner, as follows:

    The Respondents shall pay [Petitioner] HK$ 7,800,000 for attorney's fees and HK$ 4,961,030 for arbitration fees (including the fees for the arbitral tribunal and the fees for HKIAC).

    With regards to Orders No.8 and No.9 in the final award of the arbitral tribunal (excluding the arbitration fees and interests), the Respondents shall pay the interest. The method to calculate the interest is as follows: Simple interest with the principal amount of RMB 145,974,006 multiplied by the interest rate which is the most preferential loan interest rate of HSBC in Hong Kong plus 1%.

**ANSWER**: Respondent admits that the Tribunal issued an award on March 16, 2020, but denies that Paragraph 19 of the Petition sets forth a complete and accurate translation of the Award, and respectfully refers the Court to the March 16, 2020 Award itself for a true and complete recitation of its contents.

20. Paragraph 103 of the award specifically requires that pre-award and post-award interest accrue at the HSBC preferential loan interest rate up until the date of payment by Respondent:

    With regards to the interest rate, the arbitration tribunal holds the opinion that the most appropriate interest rate is the most preferential loan interest rate of HSBC plus 1%. *The interest rate is applicable before and after the arbitration award until the Respondent makes payment*. The amount of principal for calculating the

interest is RMB 145,974,006. Under the Article 80 (1) of the Arbitration Ordinance, the interest is payable on money awarded by an arbitral tribunal from the date of the award at the judgment rate, except when the award otherwise provides. This means that the arbitral tribunal may, at its discretion, determine the interest to be paid for the amount awarded not at the judgment rate (currently 8% per annum). *In this case, considering the relatively long time from the date of the award to the final award for the arbitration fees and interests, the arbitration tribunal decided that a more reasonable approach should be to adopt the most preferential loan interest rate of Hong Kong HSBC plus 1% as the applicable interest rate after the arbitration award until the Respondents pay off the money*.

Ex. D at ¶ 103 (emphasis added).

**ANSWER**: Paragraph 20 of the Petition sets forth a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

21. Respondent refused to pay any of the amounts awarded by the March 2020 Fees and Interest Award.

**ANSWER**: Respondent denies the allegations in Paragraph 21 of the Petition.

22. On April 15, 2020, Respondent filed an application with the Tribunal seeking to modify the March 2020 Fees and Interest Award.

**ANSWER**: Respondent admits the allegations in Paragraph 22 of the Petition.

23. On June 26, 2020, the Tribunal issued the June 2020 Decision. The decision modified paragraphs 107 and 108 of the March 2020 Fees and Interest Award to read as follows:

The respondents must pay [Petitioner] HK$ 6,599,822 of lawyer fee and HK$ 1,377,978.55 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC).

According to the 8th and 9th orders of the arbitral tribunal in the *Final Award (Except Interest and Arbitration fees)*, the respondents must pay interest. The calculation method of the interest is: (i) RMB 135,627,795 of the principal × simple interest (HSBC prime rate + 1%) × 36 months of interest period (applicable to the 8th order of the *Final Award*); + (ii) RMB 10,346,211 of the principal × simple interest (HSBC prime rate + 1%) × 204 days of interest period (from 8 August 2017 to 28 February 2018) (applicable to the order of the *Final Award*).

**ANSWER**: Respondent admits that on June 26, 2020, the Tribunal issued a decision modifying its March 2020 Award, but denies that Paragraph 23 of the Petition sets forth an

6

accurate and complete translation of that decision, and respectfully refers the Court to the decision itself for a true and complete recitation of its contents.

24. The June 2020 Decision made no change to paragraph 103 of the March 2020 Fees and Costs Award (which requires that pre-award and post-award interest accrue at the HSBC preferential loan interest rate up until the date of payment by Respondent).

**ANSWER**: Paragraph 24 of the Petition sets forth a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

25. Respondent has failed to pay any amounts awarded to Petitioner in the March 2020 Fees and Interest Award, as modified by the June 2020 Decision.

**ANSWER**: Respondent denies the suggestion she has acted improperly or otherwise "failed" to honor her obligations, and otherwise denies the remaining allegations in Paragraph 25 of the Petition.

26. Under the New York Convention, parties may seek recognition and enforcement of foreign arbitral awards in the United States, where the award was made in the territory of another Contracting State. *See* New York Convention, Art. I, cl. 1. and cl. 3.

**ANSWER**: Paragraph 26 of the Petition sets forth a legal conclusion as to which no response is required.

27. To obtain recognition and enforcement, a party must supply at the time of the application: "(a) The duly authenticated original award or a duly certified copy thereof; (b) The original agreement [containing the arbitration clause giving rise to the arbitral award] or a duly certified copy thereof." *Id*. Art. IV, cl. 1. Furthermore, if the award or agreement seeking recognition and enforcement is not made in the official language of the State it is seeking recognition in, then certified translations must also be supplied at the time of application. *Id*. Art. IV, cl. 2.

**ANSWER**: Paragraph 27 of the Petition sets forth a legal conclusion as to which no response is required.

28. Once a party applying for recognition and enforcement under the New York Convention has produced the necessary documents, a federal district court must confirm an arbitral award falling under the New York Convention "unless it finds

one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." See 9 U.S.C. § 207.

**ANSWER**: Paragraph 28 of the Petition sets forth a legal conclusion as to which no response is required.

29. Petitioner repeats and realleges each of the foregoing paragraphs as if more fully set forth at length herein.

**ANSWER**: Paragraph 29 of the Petition merely repeats prior allegations, and Respondent correspondingly repeats her prior responses.

30. The March 2020 Fees and Costs Award and the June 2020 Decision were made in Hong Kong, a Contracting State to the New York Convention.

**ANSWER**: Paragraph 30 of the Petition sets forth a legal conclusion as to which no response is required.

31. Petitioner at the time of this application has supplied the following supporting documents:

    Exhibit A: Duly Certified Copy of the 4.28.10 Agreement (arbitration agreement)
    Exhibit B: Certified Translation of the 4.28.10 Agreement (arbitration agreement)
    Exhibit C: Duly Authenticated March 2020 Fees and Costs Award
    Exhibit D: Certified Translation of March 2020 Fees and Costs Award
    Exhibit E: Duly Authenticated June 2020 Decision
    Exhibit F: Certified Translation of June 2020 Decision
    Exhibit G: HKIAC Letter Confirming Issuance of March Award & June Decision

**ANSWER**: Respondent admits that the documents listed Paragraph 31 of the Petition are attached to the Petition but does not thereby admit anything concerning those attachments (including, without limitations, that the translations are accurate).

32. None of the grounds available for refusal or deferral of recognition or enforcement of an award specified in the New York Convention are applicable to the March 2020 Fees and Costs Award and the June 2020 Decision.

**ANSWER**: Respondent denies the allegations in Paragraph 32 of the Petition.

# AFFIRMATIVE DEFENSES

Responses asserts the following affirmative defenses and reserves all rights to amend or supplement these defenses when and if amended or additional defenses become appropriate and/or available in this action. The allegation of defenses below does not assume the burden of proof for any issue to which the applicable law places the burden of proof on Petitioner.

1. Respondent incorporates by reference as if fully set forth herein the defenses and argument she advanced in the related matter concerning the same underlying arbitration proceeding, *Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.), as those defenses and arguments are equally applicable here, including, without limitation:

    (a) The Petition fails to join necessary parties as required by Rule 19.

    (b) The Petition is barred to the extent it seeks relief related to tenders of performance that Petitioner unreasonably refused.

    (c) The Petition should be dismissed under the doctrine of *forum non conveniens* because (among other reasons) enforcement of the award in the United States is a means to circumvent China's currency control laws.

    (d) The Petition violates public policy insofar as enforcement in the United States would compel Respondent to violate Chinese law.

    (e) Any judgment should be denominated in the currency in which the award was denominated, including where the award refers to amounts to be paid in Chinese currency (RMB).

2. The relief sought in the petition is barred in whole or in part under the doctrines of equitable estoppel and unclean hands.

3. This Petition should be consolidated with *Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.).

4. The Petitioner improperly seeks post-judgment interest exceeding what is permitted by federal law.

WHEREFORE, Respondent respectfully requests the Court enter judgment as follows:

(a) denying the Petition in full;

(b) awarding Respondent her costs, expenses, and attorneys' fees incurred in connection with this action; and

(c) granting such other and further relief as is appropriate and just.

Dated: Washington, D.C.
September 7, 2020

Respectfully submitted,

STEPTOE & JOHNSON LLP

By: */s/ Michael J. Baratz*
Michael J. Baratz (Bar No. 16391)
1330 Connecticut Ave NW
Washington, D.C.
(202) 429-3000
mbaratz@steptoe.com

Charles Michael*
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900
cmichael@steptoe.com
*Admitted Pro hac vice*

*Counsel for Respondent Stephany Yu*